**T. D. RAUSHECK et ux., Appellants,**

v.

**EMPIRE LIFE INSURANCE COMPANY OF AMERICA, Appellee.**

No. 8199.

Court of Civil Appeals of Texas, Texarkana.

Feb. 26, 1974.

Rehearing Denied March 26, 1974.

Merritt H. Gibson, Longview, for appellants.

Ebb B. Mobley, Smead, Roberts, Harbour, Smith, Harris & French, Longview, for appellee.

CHADICK, Chief Justice.

The appellants, T. D. Rausheck and wife, Cora Maye Rausheck, state the nature of the case and their points of error in this excerpt from their brief, viz:

"This is a summary judgment proceeding. The litigation was initiated by appellants, as plaintiffs, filing suit to restrain a trustee's sale scheduled to be held the first Tuesday in May, 1969, or May 6, 1969. That sale was enjoined. Plaintiff's subsequent pleadings attacked a trustee's deed resulting from a purported sale alleged to have been held the first Tuesday in June, 1969, or June 3, 1969. Appellee, Empire Life Insurance Company of America, filed a cross-action, seeking title and possession of the subject property, and recovery of the rental value of such property. Empire's alleged *mini*ment of title was the trustee's deed dated the 3rd day of June, 1969. After the cross action was filed, appellants attempted to dismiss their cause of action, but no action was taken by the trial court. Appellants had benefit of counsel in securing a temporary restraining order enjoining the first trustee's sale, but were not represented by counsel in other phases of the case until after judgment. The trial court granted a summary judgment in favor of appellee. Subsequently, appellants, through counsel, requested and were granted leave to take a non-suit.

"Appellants predicate their appeal on the following points:

### POINT ONE

"The Court erred in granting a summary judgment because there was an issue of fact as to the reasonable rental value of the subject property.

### POINT TWO

"The Court erred in granting a summary judgment because there were issues of fact as to whether the notice of trustee's sale were posted for the time required by the deed of trust and by Article 3810, Vernon's Texas Civil Statutes, and as to whether the sale was held at the time and place required by said deed of trust and by such statute.

### POINT THREE

"The Court erred in granting summary judgment that any document describing the subject property filed or caused to be filed by appellants, their agents, employees or entity constituting the alter ego of either of them after June 3, 1973, be cancelled, because such judgment is void for uncertainty."

The written judgment instrument is seven pages in length, with less than two pages devoted to a description of the land in suit. It commences with recitals pertaining to parties, pleadings, appearances, etc., and proceeds to grant a motion for summary judgment filed "in behalf of Empire Life Insurance Company of America, John G. Bookout, Commissioner of Insurance of the State of Alabama, and Receiver of Empire Life, and Tom. I. McFarling, Liquidator of the State Board of Insurance of Texas, Ancillary, Receiver of Empire Life * * *." Immediately following the summary judgment provision the instrument contains court findings in twenty numbered paragraphs. Two of such paragraphs and the decretal portion of the instrument that follows such findings are pertinent to disposition of the first point of error; these are:

"* * 14. The reasonable rental value of the subject property during the period June 3, 1969 to September 3, 1971, was the sum of $750.00 per month;

"15. Empire Life should have and recover the sum of $20,250.00 from the

Plaintiffs and Cross-Defendants as rental for the period June 3, 1969 to September 3, 1974

\* \* \* \* \* \*

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Defendant and Cross-Plaintiff Empire Life do have and recover of and from the Plaintiffs and Cross-Defendants title to and possession of the subject property; and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Clerk of this Court issue in behalf of Empire Life a Writ of Possession to the subject property; and;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any document covering and describing the subject property or any part thereof and filed or caused to be filed on or after June 3, 1969 by T. D. Rausheck and Cora Maye Rausheck, or either of them, or any agent, servant, employee, entity constituting the alter ego of either of them, be and it hereby is cancelled and held for nought."

■ The parties to the lawsuit apparently overlooked the state of the record reflected by the above quoted portions thereof; nevertheless notice must be taken and the conclusion is inescapable that the trial court did not award the appellee a recovery of a money judgment for rent. The trial judge's finding of law and fact are mere recitals and though incorporated in the judgment instrument, such findings are not an award of relief by way of judgment for recovery of money. It is said in 49 C.J.S. Judgments § 71, that:

"The judgment or decree does not reside in its recitals, but in the mandatory or decretal portion thereof, which adjudicates and determines the issues in the case and defines and settles the rights and interests of the parties as far as they relate to the subject matter of the controversy. \* \* \* The validity of the judgment is not affected by recitals which precede the judgment."

In 46 Am.Jur.2d Judgments, Sec. 78 is the succinct statement that:

" \* \* \* it is only the decretal portion of the judgment that operates as a judgment; the rights of the parties are adjudicated, not by the recital of facts, but solely by the decretal portion."

In accord, Magnolia Petroleum Co. v. Caswell, 1 S.W.2d 597 (Tex.Comm.App. 1928); Harrison v. Manvel Oil Co., 142 Tex. 669, 180 S.W.2d 909 (Tex.Comm.App.1944); Cox v. City & County of Dallas Levee Imp. Dist., 258 S.W.2d 851 (Tex. Civ.App. Dallas 1953, writ ref'd, n. r. e.); and 4 McDonald's Texas Civil Practice, Sec. 17.09.3.; 33 T.J.2d Judgments, Sec. 2 and 84. The findings were given no effect and rendered immaterial by the judgment actually entered. A point of error directed to an immaterial finding must be overruled. Reed v. Buck, 370 S.W.2d 867 (Tex.Sup.1963).

■ The appellants' trial pleadings alleged in considerable detail and particularity that notices of the trustee's sale were not posted for the time required by the deed of trust and by Vernon's Tex.Rev. Civ.Stat.Anno. art. 3810, and that the sale was not held at the time and place required by the deed of trust and statute. Such pleadings were sworn to upon information and belief. No proof independent of the pleadings, such as admissions, affidavits and depositions was tendered. The pleadings do not constitute summary judgment evidence, and therefore raise no issue of fact for two reasons. First, an affidavit upon information and belief is insufficient as a verification by oath and its content is not factual proof in a summary judgment proceeding. 4 McDonald's Texas Civil Practice, Sec. 17.26.5, and cases cited in footnote 82. Second, a majority opinion of the Supreme Court of Texas declares that the content of "a pleading, even if sworn" will not be regarded as summary judgment evidence. Hidalgo v. Surety

**340**

Savings & Loan Association, 462 S.W.2d 540 (Tex.Sup.1971). The second point of error is overruled.

■■ The third point of error is sustained in part. It is elementary that a "judgment must be sufficiently definite and certain to define and protect the rights of all litigants, or it must provide a definite means of ascertaining such rights." 33 Tex.Jur.2d Judgments, Sec. 34, and 10 Tex.Jur.2d Cancellation of Instruments, Sec. 103. The broad language of the decree of cancellation does not on its face identify the instruments ordered cancelled. The appellee's pleadings alleged that the filing of appellants' suit and lis pendens notice cast a cloud upon title to the property in suit. No other instrument or action is alleged to cloud title. The summary judgment proof does not mention or identify directly or indirectly any instrument clouding appellant's title, though it does pray for judgment ordering "any document filed for record by the plaintiffs or by any agent, servant or employee or alter ego of either of the plaintiffs, which constitute the cloud on Empire Life's title to the subject property be cancelled and held for naught."

Appellee cites no authority supporting rendition of the cancellation portion of the judgment but is content to point out that such provision "should be of some small comfort to a title examiner faced with the abstract of title to this property." Cancellation as ordered is not supported by pleading or summary judgment evidence but the complaint here is that the cancellation provision is so vague as to be meaningless. This court agrees. On this question, see Burrage v. Hunt Production Co., 114 S.W.2d 1228 (Tex.Civ.App. Dallas 1938, wr. dism'd); Gasperson v. Madill National Bank, 455 S.W.2d 381 (Tex.Civ.App. Fort Worth 1970, writ ref'd, n. r. e.).

In view of the foregoing, the judgment of the trial court will be reformed by reversing and striking therefrom the cancellation provision. As reformed, the judgment is affirmed.