John D. STEVENS, Relator,

v.

Honorable Don E. CAIN,
Judge, Respondent.

No. 07–87–0187–CV.

Court of Appeals of Texas,
Amarillo.

Aug. 21, 1987.

Frank Lay, Borger, for relator.

Vance Jones, Borger, for party-in-interest.

REYNOLDS, Chief Justice.

We accepted this original proceeding under the tentative view that the issues presented were whether there may be posed and resolved in a mandamus action this question: After it is finally determined in an election contest that the general election held for a precinct office is void, is the district judge empowered to declare that the office, occupied by the qualified contestee, is vacant? We now conclude, upon an examination of the record after submission, that we cannot reach the question presented. Therefore, we will deny mandamus relief.

The underlying facts are that at the November, 1986 general election, there was a contest between relator John D. Stevens and Beverly McClure, the real party in interest, for the office of Justice of the Peace, Precinct No. 2, Hutchinson County. The official result of the election showed that Stevens won by a margin of seventeen votes.

McClure timely filed an election contest in the district court, seeking to have the election declared void and a new election ordered. Before the election contest was heard by the court, Stevens qualified and took office on 1 January 1987.

Thereafter, the respondent, Honorable Don E. Cain, Judge of the 223rd Judicial District Court of Gray County, sitting by assignment, heard the contest. Judge Cain

found that eligible voters had been prevented from voting due to an accident or mistake of an election officer or official, and that the true outcome of the election cannot be ascertained. He then decreed that the election was void and that a new election should be held after the judgment became final.

Stevens attempted to appeal from the judgment. We dismissed the appeal because it was not timely perfected. *Stevens v. McClure,* 732 S.W.2d 115 (Tex.App.—Amarillo 1987, no writ).

After the judgment became final on 3 July 1987, Judge Cain entertained McClure's motion to set a new election date and prescribe the procedures therefor. Finding that the judgment declaring the election for the justice of the peace office void became final on 3 July 1987 and that a vacancy has existed in that office since that date, Judge Cain ordered, adjudged and decreed on 14 July 1987 that an election for the office be held on Tuesday, 3 November 1987 and the prescribed procedure therefor.

By his mandamus action, Stevens, representing that respondent's order effectively removed him from office, seeks to have this Court "vacate that portion of Judge Don E. Cain's July 14, 1987 order which declared the position of Justice of the Peace, Precinct No. 2 of Hutchinson County, Texas vacant and reinstate Relator into said position until the rightful holder of the position is determined." Stevens, as well as McClure, misperceives the effect of respondent's order.

Nowhere in the decretal portion of the written instrument does Judge Cain decree that the office is vacant. He merely made a finding, prepatory to making his decree for a new election, that the office has been vacant since 3 July 1987.

■ It is elemental that recitations preceding the decretal portion of a written instrument, albeit proper inclusions, form no part of the decree, *Chandler v. Reder,* 635 S.W.2d 895, 897 (Tex.App.—Amarillo, 1982, no writ), for "[i]t is the court's order that counts, not the stated reasons...." *Jampole v. Touchy,* 673 S.W.2d 569, 574

(Tex.1984). Thus, Judge Cain's findings, including the one of vacancy, appearing solely in the part of the order explaining in general terms the nature of the cause, neither control nor qualify the particular and express decree made, which only orders a new election and the procedure for it. *Harrison v. Manvel Oil Co.,* 142 Tex. 669, 180 S.W.2d 909, 917 (1944).

Since by his order, Judge Cain has not decreed, or "declared" as relator believes, the office to be vacant, that question was not adjudicated and, therefore, it is not before us. It follows that the writ of mandamus sought must be denied. As a consequence, it is unnecessary to address the other issue whether the question of vacancy may be presented in a mandamus proceeding in view of an accelerated appeal provided by the Texas Election Code. *See* Tex.Elec.Code Ann. §§ 232.014, 232.015 (Vernon 1986).

■ Parenthetically and as *gratis dictum,* we will note, because of the obvious misperception expressed about Judge Cain's order and the nearness of the new election ordered, that if the question of vacancy in the justice of the peace office were properly before us, we would hold that no vacancy exists in the office. This obtains, in brief, because the Legislature, which has the power to enact laws regulating contested elections, *Carter v. Tomlinson,* 149 Tex. 7, 227 S.W.2d 795, 797 (1950), has settled the matter by statute.

In apparent recognition that the voiding of an election for an office would disable the function of the office until the new election was held to elect the official occupant, the Legislature rectified that situation by providing a right to occupy the office in these words:

If the official result of a contested election shows that the contestee won, on qualifying as provided by law the contestee is entitled to occupy the office after the beginning of the term for which the election was held, pending the determination of the rightful holder of the office.

Tex.Elec.Code Ann. § 221.015(a) (Vernon 1986). By its operation on the undisputed

facts in this cause, the statute dictates that Stevens, the contestee shown by the official result of the contested election to have won and who qualified for the office, is entitled to occupy the office of Justice of the Peace, Precinct No. 2, Hutchinson County, pending the official result of the new election ordered, which will be the determination of the rightful holder of the office.

The statutory provision, being exclusively a legislative one in contested elections, is to be adhered to strictly, *Duncan v. Willis*, 157 Tex. 316, 302 S.W.2d 627, 630 (1957), for it is final and exclusive. *Carter v. Tomlinson, supra.* The reality that the courts are limited to the Legislature's statutory procedure, *Carter v. Tomlinson, supra*, is a sufficient negation of McClure's contention that when the judgment declaring the election void became final, the office became vacant as a matter of law.

Accordingly, the writ of mandamus sought is denied.