**Glen J. ELLIS, Individually and as Trustee, and Lucille Thagard Ellis, as Trustee, Appellants,**

v.

**MORTGAGE AND TRUST, INC., Randall C. Sweet, Donna Sweet, Raymond Claude Miles, Donna Jo Miles, First Funding Investment, Inc., Earl J. Armbruster, Doris R. Armbruster, Sertex Properties and Don Taylor, Appellees.**

No. 2–87–222–CV.

Court of Appeals of Texas, Fort Worth.

June 8, 1988.

Thompson, Coe, Cousins & Irons, Scott Patrick Stolley, Dallas, for appellants.

Law, Snakard & Gambill, Walter S. Fortney and Mark S. Pfeiffer, Fort Worth, for appellees.

Before FENDER, C.J., and HILL and KELFNER, JJ.

## OPINION

FENDER, Chief Justice.

Appellants Glen J. Ellis and Lucille Thagard Ellis brought a trespass to try title suit against appellees Mortgage and Trust, Inc., Randall C. Sweet, Donna Sweet, Raymond Claude Miles, Donna Jo Miles, First Funding Investment, Inc., Earl J. Armbruster, Doris R. Armbruster, Sertex Properties, and Don Taylor. Appellants moved for partial summary judgment, and appellees responded with a motion for summary judgment. The district court denied appellants' motion for partial summary judgment, and granted appellees' motion for summary judgment.

We affirm.

In September 1978 appellants Glen J. Ellis and the Glen J. Ellis, Jr. Trust and the Dawn Belen Ellis Trust entered into a joint venture agreement with Dayton Financial Corp. (Dayton).[1] In December of 1982 appellants sued Dayton for a breach of a joint venture agreement and breach of fiduciary duties. The lawsuit, among other items, requested a dissolution of the joint venture, a temporary restraining order against Dayton restraining it from tranferring joint venture assets, and an award of money damages. Appellants did not file a notice of lis pendens on their original petition, which would have encumbered the joint venture lots as to subsequent purchasers.

On December 21, 1982, the court denied appellants' motion for temporary injunction. In light of the denial of their motion for temporary injunction, appellants amended their petition on December 23, 1982, and requested "[a] constructive trust on all joint venture assets or the proceeds thereof" held by Dayton. At the same time, appellants filed a notice of lis pendens regarding their alleged one-third interest in the joint venture assets.

On December 1, 1981, even before appellants filed the Dayton suit and the lis pendens, appellees First Funding Investment, Inc., Raymond Claude Miles, and Donna Jo Miles had purchased the lots at issue, those lots subsequently described in the notice of lis pendens, from Dayton. The remaining appellees purchased their lots from Dayton after the filing of the Dayton suit and the lis pendens.

Thereafter, in December of 1985 appellants filed a third amended original petition, asking for money damages and a constructive trust on the lots themselves. Appellants took a default judgment against Dayton. Hon. Judge Street awarded appellants damages in the principal sum of $247,399.00 together with prejudgment interest, attorneys' fees, and accountant's fees. Judge Street further found and declared that as of December 1, 1981, specified lots which were assets of the joint venture were to be held by Dayton as constructive trustees for the benefit of appellants, and that these lots were the ones later sold by Dayton without the consent of appellants. At the time of the default judgment, all of the lots in question had been conveyed away.

In August of 1986 appellants brought this suit against appellees, the present owners of the lots in question. The suit alleged that the default judgment awarded them by Judge Street not only awarded them money damages equal to their one-third (⅓) interest in the joint venture assets, but also fee simple title to the entire lots by virtue of a constructive trust. Appellees' motion for summary judgment was granted, and this appeal ensued.

---

1. Appellants Glen J. Ellis and Lucille Thagard Ellis are the co-trustees of the Glen J. Ellis, Jr. Trust and the Thagard Ellis Trust.

■ Appellants' first point of error asserts that the trial court erred in failing to grant a partial summary judgment in favor of appellants. Appellants' second point of error asserts that the trial court erred in granting a summary judgment in favor of appellees. An order overruling or denying a motion for summary judgment is not a proper subject for appeal. *Novak v. Stevens,* 596 S.W.2d 848, 849 (Tex.1980). Therefore, appellants' point of error one is overruled.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.*

In essence, appellants argue they proved the elements of an action in trespass to try title: superior title out of a common source. In the alternative, appellants argue appellees failed to negate an essential element of appellants' claim. Appellees do not dispute that both parties claim title from a common source, but do dispute appellants' claim to superior title. Appellants claim that they have superior title to the lots in question by virtue of a default judgment granted to them in the Dayton case.

■ A judgment is construed in the same manner as are other written instruments, and is construed as it is written. *Permian Oil Co. v. Smith,* 129 Tex. 413, 73 S.W.2d 490, 497–98 (1934); 47 TEX.JUR. 3d *Judgments* sec. 85 (1986). The determinative factor is the intention of the court. *Adams v. Adams,* 214 S.W.2d 856, 857 (Tex.Civ.App.—Waco 1948, writ ref'd n.r. e.). If, taken as a whole and construed according to well-known rules, a judgment is unambiguous, no room is left for inter-

pretation, and it is the duty of the court to declare the effect thereof in light of the literal meaning of the language used. *Id.* Nevertheless, even if the language used in the judgment is ambiguous, it is a fundamental rule that the writing will be construed most strictly against the party who drafted it. *Rep. Nat. Bank v. Northwest Nat. Bank,* 578 S.W.2d 109 (Tex.1978); *Smith v. McMillan,* 352 S.W.2d 871 (Tex. Civ.App.—Houston 1961), *aff'd,* 363 S.W.2d 437 (Tex.1962). TEX.R.CIV.P. 305 states that "[c]ounsel of the party for whom a judgment is rendered shall prepare the form of the judgment to be entered and submit it to the court."

The relevant portion of the Dayton default judgment reads as follows:

The Court further finds and declares that as of December 1, 1981, the lots listed in the attached and incorporated Exhibit A were assets of the joint venture, that Defendants thereafter held those lots as constructive trustees for the benefit of Plaintiffs, and that the lots were later sold without the consent of Plaintiffs.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiffs have and recover from Defendants Dayton Financial Corporation and Dayton Financial Corporation of Dallas, jointly and severally, the principal sum of $247,399.00, prejudgment interest of $61,043.16, attorney's fees of $67,500.00, accountant's fees of $35,350.00, and all court costs, with simple interest on all of those amounts at 10% per annum from the date of judgment until paid. ·

IT IS, FURTHER ORDERED, ADJUDGED AND DECREED that Defendants will be granted a credit against the attorneys' fee award as follows: (1) a $17,500.00 credit if there is no appeal to the Court of Appeals, (2) a $7,500.00 credit if there is an appeal to the Court of Appeals, but no application for writ of of [sic] error is made to the Supreme Court of Texas, or (3) a $4,500.00 credit if there is an appeal to the Court of Appeals and application for writ of error is made to the Supreme Court of Texas, but

the application for writ of error is not granted.

■ A judgment is something more than the findings of fact, it is the sentence of law pronounced by the court on the facts found. *Speer v. Stover*, 711 S.W.2d 730, 734 (Tex.App.—San Antonio 1986, no writ) (per curiam). The recitations preceding the decretal portion of the written instrument do not suffice to complete the rendition of the judgment. *Chandler v. Reder*, 635 S.W.2d 895, 897 (Tex.App.—Amarillo 1982, no writ) (opinion on reh'g). Although reasons and findings are proper inclusions in a judgment, the reasons given form no part of the judgment rendered. *Id.*

■ In the case at bar, the only reference to a constructive trust occurs prior to the decretal portion of the default judgment and is introduced by the words "further finds and declares." The decretal portion of the default judgment begins with, "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiffs have and recover from Defendants" and is followed by the breakdown of the money damages. In the context of the whole judgment the reference to the constructive trust appears to be a recitation of factual findings or reasons given by the court for its judgment.

The findings of fact and conclusions of law entered by the trial court in the Dayton case is consistent with the interpretation of the default judgment set forth above. Finding of fact number 38 states that the net value of the joint venture assets was $642,198. Conclusion of law number 8 states that appellants were entitled to one-third of the net assets, after their $50,000 initial investment was deducted. Subtracting $50,000 from $642,198 equals $592,198. This figure divided by three is $197,399.33. When appellants' $50,000 initial investment is added to this sum, the final figure is $247,399.33. Conclusion of law number 9 states, "Defendants are indebted to Glen J. Ellis and the trusts in the sum of $247,-399.00." The default judgment in the case awarded appellants exactly that amount. The findings of fact and conclusions of law nowhere mention a constructive trust.

These findings of fact and conclusions of law reflect the trial court's decision to award appellants money damages equal to their one-third interest in the proceeds of the sale of the property. To the extent that the court found that a constructive trust existed, such finding is the justification for the court awarding appellants money damages. Moreover, if the language of the judgment appears to create a trust-like obligation on the parties, this obligation is discharged in the decretal portion of the judgment which awarded damages to appellees equivalent to one-third of the proceeds from those lots.

In light of our ruling that appellees did not receive a superior title by means of an alleged constructive trust contained in the Dayton default judgment, appellants' argument pertaining to notice of a constructive trust given by appellants' lis pendens is moot. Point of error two is overruled.

Under point of error three, appellants argue that the trial court erred in granting a summary judgment in favor of appellee Don Taylor. Appellants argue that Taylor's affidavit which states he never owned any interest in the lots is contrary to his original answer in which he plead not guilty. Appellants have waived this argument since they failed to raise it in the trial court. *City of Houston*, 589 S.W.2d 671; TEX.R.CIV.P. 166a(c).

■ Additionally, appellants claim Taylor's proof is insufficient to support a summary judgment because it was based on the testimony of two interested witnesses, Taylor's counsel and Taylor. Again appellants have waived this argument for failure to raise it at trial. *City of Houston*, 589 S.W.2d 671. Nevertheless, the affidavits are proper summary judgment evidence even though both are alleged interested witnesses, because the evidence is clear, positive, and direct, otherwise credible and could have been readily controverted. *See* TEX.R.CIV.P. 166a(c). Point of error three is overruled.

■ Appellants assert in their last point of error that summary judgment should not have been granted in favor of appellee

Sertex Properties because there was no summary judgment evidence presented by either party concerning Sertex Properties. However, appellants raised no arguments whatsoever in response to appellees' motion for summary judgment on behalf of appellee Sertex Properties. Therefore, appellants waived their argument with respect to Sertex Properties. *See* TEX.R. CIV.P. 166a(c) and (e). Point of error four is overruled.

The trial court's summary judgment is affirmed. All court costs are assessed against appellants.

FENDER, C.J., and HILL and KELTNER, JJ.