**HOLT ATHERTON INDUSTRIES, INC., Appellant,**

v.

**Roy HEINE and Wife, Kitte Heine, Appellees.**

No. 13–88–654–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1990.

Rehearings Overruled Oct. 4, 1990.

G. Wade Caldwell, Cox & Smith, San Antonio, for appellant.

David C. Griffin, Houston, Marek & Griffin, Port Lavaca and Cynthia Sheppard, Houston, Marek & Griffin, Victoria, for appellees.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

Appeal is taken from a "no-answer" default judgment. The trial court entered a default judgment against Holt Atherton Industries, Inc., awarding damages of $159,665.00 to the Heines. By filing a motion for new trial, appellant Holt sought to set aside the judgment. The trial court denied the motion. Holt asserts five points of error. We affirm the judgment.

The Heines sued Holt alleging violation of the Texas Deceptive Trade Practices Act (Tex.Bus. & Com.Code Ann. §§ 17.41—17.63 (Vernon 1987)), breach of express and implied warranties, breach of contract, negligence, and tortious interference with business relations. The conduct of which the Heines complain arose out of the allegedly inadequate repair of their bulldozer. On July 12, 1988, Holt's registered agent, Stevenson Atherton, was properly served with the Heines' petition. On August 29, 1988, a "no-answer" default judgment was rendered against Holt. On September 1, 1988, the judgment was signed. On September 21, 1988, Holt filed a "motion to set aside default judgment and for new trial." By written order of October 7, 1988, the trial court denied the motion.

■■■ By its first two points of error, respectively, Holt contends that there was no evidence or insufficient evidence to support the Heines' allegations that Holt was involved in the actions of which the Heines complain. We disagree. In cases of default judgment, the defendant's failure to answer represents an admission of the facts properly pled in the plaintiff's petition (except unliquidated damages) and acts as a waiver of any affirmative defenses. *See Stoner v. Thompson*, 578 S.W.2d 679, 684–85 (Tex.1979); *Simon v. BancTexas Quorum, N.A.*, 754 S.W.2d 283, 286 (Tex.App.—Dallas 1988, writ denied); *Lakeside Leasing Corp. v. Kirkwood Atrium Office Park Phase 3*, 750 S.W.2d 847, 850 (Tex.App.—Houston [14th Dist.] 1988, no writ). The Heines properly pled facts supporting Holt's liability. By failing to file an answer, Holt then admitted liability. Holt may *not* now contest the sufficiency of the evidence regarding liability because it has already admitted the same. Points one and two are overruled.

■■■ By its third point of error, Holt contends that there was no credible evidence to support the trial court's award of $120,000.00 for lost income resulting from the loss of use of the bulldozer. Damage awards from default judgments on unliquidated claims may be challenged on both legal and factual sufficiency grounds. *Transport Concepts, Inc. v. Reeves*, 748 S.W.2d 302, 304 (Tex.App.—Dallas 1988, no writ); *Bennett Interest, Ltd. v. Koomos*, 725 S.W.2d 316, 318 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). By asserting a "no evidence" point, Holt is challenging the legal sufficiency of the evidence supporting the trial court's award of lost profits. *See Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264, 275–76 (Tex.App.—Amarillo 1988, writ denied). If there is any evidence of probative force to support the finding, a "no evidence" point must be overruled and the finding upheld. *Southern States Transp., Inc. v. State*, 774 S.W.2d 639, 640 (Tex. 1989); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■■■ If a cause of action is unliquidated, as in the present case, the court shall hear evidence regarding damages and shall render judgment therefor. *See* Tex. R.Civ.P. 243. The trial court conducted a hearing on the issue of damages in which the Heines testified that because of Holt's conduct, their bulldozer was inoperative and unavailable to them for a period of thirteen months. The record reflects that in the six months preceding the loss of use of the bulldozer, the Heines operated two bulldozers, and they showed a profit of $120,000.00. An established business' pre-existing profits may be used to show, with reasonable certainty, the amount of lost profits. *See White v. Southwestern Bell Tel. Co., Inc.*, 651 S.W.2d 260, 262–63 (Tex. 1983). Thus, from the Heines' testimony, the trial court could properly find that one bulldozer working thirteen months would have earned as much as two bulldozers

working six months. There was some evidence of probative force to support the trial court's finding. Point three is overruled.

Holt contends, by point four, that the trial court erroneously denied its motion for new trial. The guidelines for determining whether a motion for new trial in a default judgment case should be granted were articulated in the leading case of *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (Comm'n App.1939, opinion adopted). The *Craddock* test for setting aside a "no-answer" default judgment and ordering a new trial requires the following: (1) the defendant's failure to answer before judgment was not intentional or the result of conscious indifference on its part but was due to a mistake or accident; (2) the motion for new trial sets up a meritorious defense, and (3) the motion for new trial was filed at a time when the granting of the motion will occasion no delay or otherwise work an injury to the plaintiff. *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966). The trial court determines whether the defendant has satisfied the *Craddock* test, and the court's ruling will not be disturbed on appeal absent an abuse of discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 778–79 (Tex.1987).

With respect to the first prong, once the defendant has alleged facts which, if true, negate intentional or consciously indifferent conduct, the defendant will have met its burden, unless the plaintiff controverts the claim. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex.1984). In this regard, a trial court need not accept a defendant's unsupported conclusive statements. *Nichols v. TMJ Co.*, 742 S.W.2d 828, 831 (Tex.App.—Dallas 1987, no writ); *see also Motiograph, Inc. v. W.D. Matthews*, 555 S.W.2d 196, 196–97 (Tex.Civ. App.—Dallas 1977, writ ref'd n.r.e.).

Attached to Holt's motion for new trial is the affidavit of Stevenson Atherton. Atherton asserts that he is the registered agent for Holt, that he received the citation, and that the failure of Holt to answer "was due to accident and mistake due to the complete lack of any knowledge as to the facts or circumstances involved in this cause." Holt fails to assert any facts negating an intentional failure to answer. In fact, Atherton's affidavit asserts that Holt did not answer because it was unfamiliar with the facts asserted in the Heines' petition. Thus, by his own admission, Atherton asserts that Holt read the petition and affirmatively chose not to answer. These are not facts that tend to show that the actual failure to answer was a mistake. On the contrary, these are facts that tend to show that the actual failure to answer was intentional.[1] Atherton's assertion that its failure was "due to accident and mistake" is nothing more than an unsupported conclusive statement and, as such, is inadequate. Because all prongs of the *Craddock* test must be satisfied and Holt has failed the first, we hold that the trial court did not abuse its discretion by denying the motion for new trial. *See Nichols*, 742 S.W.2d at 831. Point four is overruled.

By its fifth and final point of error, Holt argues that the trial court's judgment is fatally flawed because it recites, "the cause of action is liquidated and proved by an instrument in writing...." Because this cause of action was unliquidated, Holt contends that the court's declaration constitutes a fatal variance among the pleadings, evidence, and judgment. We disagree.

Albeit proper inclusions, the recitations preceding the decretal portion of a judgment form no part of the judgment rendered. *See Ellis v. Mortgage and Trust, Inc.*, 751 S.W.2d 721, 724 (Tex.App. —Fort Worth 1988, no writ); *Stevens v. Cain*, 735 S.W.2d 694, 695 (Tex.App.— Amarillo 1987) (orig. proceeding); *Chan-*

---

1. We emphasize that Atherton's affidavit does *not* allege that Holt believed that no answer was required. Rather, Atherton's affidavit alleges that Holt believed that it was not liable. *Cf. Joiner v. Amsav Group, Inc.*, 760 S.W.2d 318, 320–21 (Tex.App.—Texarkana 1988, writ de-

nied); *Guardsman Life Ins. Co. v. Andrade*, 745 S.W.2d 404, 405 (Tex.App.—Houston [1st Dist.] 1987, writ denied); *Baen–Bec, Inc. v. Tenhoopen*, 548 S.W.2d 799, 802 (Tex.Civ.App.—Eastland 1977, no writ).

dler v. Reder, 635 S.W.2d 895, 897 (Tex. App.—Amarillo 1982, no writ) (on rehearing). The decretal portion of the judgment begins, "IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED...."

In the present case, the erroneous recitation precedes the decretal portion of the judgment and thus does not form a part of the judgment rendered. "It is the court's order that counts, not the stated reasons...." *Jampole v. Touchy*, 673 S.W.2d 569, 574 (Tex.1984) (orig. proceeding). Thus, even if relied upon by the trial court, which it obviously was not, the recitation would merely constitute an erroneous prefatory fact finding, neither controlling nor conflicting with the judgment itself. *See Stevens*, 735 S.W.2d at 695. The damages recited in the decretal portion of the judgment correspond to the evidence presented to the trial court during the hearing. There is no fatal variance or conflict as alleged by Holt. Point five is overruled.

The trial court's judgment is AFFIRMED.