**Frank BRADEN and Bill Ehrhardt, Relators,**

v.

**The Honorable Edward S. MARQUEZ, Judge of the 65th District Court of El Paso County, Texas, Respondent.**

No. 08–97–00198–CV.

Court of Appeals of Texas, El Paso.

July 24, 1997.

---

Larry W. Wise, Martinec Hargadon & Wise, P.C., Austin, for Relators.

Michael G. McLean, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, Stewart W. Forbes, El Paso, for Respondent.

Before LARSEN, McCLURE and CHEW, JJ.

## ON MOTION FOR LEAVE TO FILE

## PETITION FOR WRIT OF MANDAMUS

LARSEN, Justice.

This is an original proceeding in mandamus. The relators, defendants in the underlying lawsuit, seek a writ of mandamus from this court requiring the trial court to reverse its orders denying a special appearance and a plea to the jurisdiction. For the reasons stated below, we deny leave to file the petition for writ of mandamus.

### FACTS

On May 6, 1994, a jury found that Sotera Pineira was injured in a 1992 accident while in the course and scope of her employment with Alliance Health Inc., a nonsubscriber under the Texas Workers' Compensation Act. The jury awarded Pineira approximately $20,000 for her physical pain, lost earning capacity, and medical expenses. Pineira attempted to execute on her judgment after it became final, but found that Alliance had sold all of its assets in 1993 leaving no property in the State of Texas to satisfy the judgment. In an attempt to locate assets to satisfy her judgment, Pineira took discovery in aid of judgment and eventually came to the conclusion that Alliance was the alter ego of Frank Braden and Bill Ehrhardt, the relators in this mandamus proceeding.

Pineira first asserted her claims against Braden and Ehrhardt in a "Third–Party Petition" she filed on March 15, 1996 under the cause number of her original lawsuit against Alliance. She later filed a "First Amended Petition to Pierce Corporate Veil and Establish Alter Ego" under the same cause number. Ehrhardt, who resides in Atlanta, Georgia, objected to the trial court's jurisdiction with a special appearance. He alleged that he was not a resident of Texas, did not engage in business in Texas in his personal capacity, never committed any tort within the state, and had no employees, servants, or agents within the state.

In addition to his special appearance, Ehrhardt, along with Braden, filed a plea to the jurisdiction. Ehrhardt and Braden sought relief from the trial court's exercise of jurisdiction over them after the judgment had become final. They complained that the trial court had no jurisdiction to add them to the lawsuit after its jurisdiction and plenary power had expired. Pineira, on the other hand, alleged that her attempt to pierce the corporate veil was no more than a method of enforcing the judgment she had obtained against Alliance. Since a trial court has the power to enforce its judgments past the expiration of its plenary power over the subject matter, Pineira maintained that the trial court had jurisdiction to enforce its judgment against Ehrhardt and Braden as the alter egos of Alliance, the judgment debtor. *See* Tex.R.Civ.P. 561, 621, & 621a. After a hearing on both motions, the trial court denied relief and maintained personal jurisdiction over Ehrhardt and subject matter jurisdiction over the proceeding to pierce the corporate veil. Defendants now seek mandamus in this court.

### DISCUSSION

This proceeding requires us to consider two points. First, is the trial court's order denying the special appearance of an out-of-state officer of a corporation that does business in Texas so clearly an abuse of discretion as to subject it to mandamus? Second, did the trial court clearly abuse its discretion by denying these two corporate officers' challenge to the plaintiff's attempt to enforce a corporate judgment against them individually almost two years after expiration of the trial court's plenary power?

### STANDARD OF REVIEW ON MANDAMUS

The relator bears the burden of providing the court with a sufficient record to establish their right to mandamus relief. *See* Tex.R.App.P. 121(a)(2)(C) and (F). Mandamus will lie only to correct a clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding). Moreover, there must be no other adequate remedy at law. *Id.*

#### 1. Clear abuse of discretion

An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law. *See Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839–40. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.* Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Walker*, 827 S.W.2d at 840.

#### 2. No adequate remedy by appeal

An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate. *Street v. Second Court of Appeals*, 715 S.W.2d 638,

639–40 (Tex.1986)(orig.proceeding). Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal." *Walker*, 827 S.W.2d at 840, *quoting State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984). Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989)(quoting James Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed.1979] ).

### THE STANDARD AS APPLIED TO SPECIAL APPEARANCES

 Ordinarily, appellate review of a trial court's decision on a challenge to personal jurisdiction provides an adequate remedy. An attempt to mandamus the trial court's decision therefore usually fails to meet the second element necessary for mandamus relief, that the movant has no adequate remedy from the trial court's order. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 307 (Tex.1994)(orig.proceeding). Although time and cost is involved in defending a suit through a full trial and appeal in a foreign jurisdiction, mere increased cost and delay do not render a regular appeal inadequate as a remedy. *Canadian Helicopters Ltd.*, 876 S.W.2d at 308. In *Canadian Helicopters Ltd.*, however, the Supreme Court recognized that a trial court, in denying a special appearance, may act with such disregard for guiding principles of law that the harm to the defendant becomes irreparable, exceeding mere increased cost and delay. *Id.* at 308–09. The court did not go so far as to hold that the denial of a special appearance generally, and thereby the denial of a litigant's right to resist appearance in, and defense of, a suit in a foreign jurisdiction with which it has little or no contact, always renders appeal inadequate. The court recognized the possibility, however, that "truly extraordinary circumstances" might create such an abuse of discretion as to impact the adequacy of remedy by appeal and warrant

mandamus relief in the context of a special appearance. *Id.* at 309.

The Supreme Court applied the standard it first contemplated in *Canadian Helicopters Ltd.* to the facts of *National Industrial Sand Ass'n v. Gibson*, 897 S.W.2d 769 (Tex.1995)(orig.proceeding). In *National Industrial Sand*, the Supreme Court articulated two grounds making mandamus relief appropriate. First, it found the plaintiff's theory of personal jurisdiction, an alleged conspiracy with a resident of the State of Texas, invalid to invoke either general or specific jurisdiction. Second, it found the traditional elements of personal jurisdiction over the defendant "totally absent" under any theory. *National Industrial Sand*, 897 S.W.2d at 773, 776. Accordingly, the court found no basis for the trial court's jurisdiction over the defendant and determined that the trial court's erroneous assertion of jurisdiction was so arbitrary and without regard to guiding principles as to place the case within the limited exception recognized in *Canadian Helicopters Ltd. Id.* at 776.

 Unlike the plaintiff in *National Industrial Sand*, in this case Pineira has pleaded a viable theory of jurisdiction over Ehrhardt as an officer of Alliance. Ehrhardt established in his affidavit that he never did business in his individual capacity in Texas. An exception to the general rule that an individual's contacts on behalf of a corporation do not create personal jurisdiction over the person, however, exists in situations where the court may disregard the corporate fiction on the theory of alter ego. *Leon Ltd. v. Albuquerque Commons Partnership*, 862 S.W.2d 693, 708 (Tex.App.—El Paso 1993, no writ). Moreover, unlike the state of the record in *National Industrial Sand*, at least some facts exist in this record consistent with Pineira's alter ego theory: Ehrhardt and Braden owned substantially all of Alliance's stock; Ehrhardt received a portion of the sales proceeds as compensation for a noncompetition agreement included as part of the asset purchase agreement when the Alliance's assets were sold; when asked at deposition whether he reported to the board of directors or stockholders as the administrator of Valley Community Hospital (a d/b/a for

Alliance), Ehrhardt's co-owner, Braden, replied only that he owned the company; Alliance was undercapitalized and so lacking in assets that it could not satisfy a $20,000 judgment. This evidence, if not conclusive, represents factors that are at least consistent with the theory that Alliance was merely an alter ego through which Braden and Ehrhardt did business. *See Leon Ltd.,* 862 S.W.2d at 707 (alter ego shown from the total dealings of the corporation and the individual).

Of course, we make no comment at this time on the ultimate merits of Pineira's action to pierce Alliance's corporate veil and to establish Alliance as the alter ego of Braden and Ehrhardt. We find only that there are some facts in the record which are consistent with Pineira's alter ego theory of jurisdiction over Ehrhardt. Thus, in this case the trial court did not so clearly abuse its discretion as the trial court did in *National Industrial Sand* by denying the defendant's special appearance on the basis of an invalid theory of jurisdiction with no facts to support it. Here, we have a valid theory with some facts in the record to support it. The record before us therefore does not present a case of totally absent elements of personal jurisdiction over Ehrhardt such that the trial court's assertion of jurisdiction is so arbitrary and without regard to guiding principles as to place this case within the limited exception recognized in *Canadian Helicopters Ltd.,* 876 S.W.2d at 308–09.

Accordingly, we deny leave to file the petition for writ of mandamus to the extent it seeks relief from the trial court's refusal to grant Ehrhardt's special appearance.

### THE STANDARD AS APPLIED TO THE PLEA TO THE JURISDICTION

██ Unlike special appearance, the Supreme Court has not recognized an exception for truly extraordinary circumstances relevant to the trial court's abuse of discretion in the context of pleas to the jurisdiction. Rather, the Supreme Court has consistently held that pleas to the jurisdiction fall under the category of rulings for which there is an adequate remedy by appeal. *Bell Helicopter Textron, Inc. v. Walker,* 787 S.W.2d 954, 955 (Tex.1990)(orig.proceeding); *see also Canadian Helicopters Ltd.,* 876 S.W.2d at 306 (distinguishing special appearance from plea to the jurisdiction). In some cases where extraordinary circumstances were shown making an appeal inadequate, courts have granted mandamus relief from trial court rulings on pleas to the jurisdiction. *See e.g. Tilton v. Marshall,* 925 S.W.2d 672, 682 (Tex.1996)(orig.proceeding)(mandamus appropriate to order granting of plea to the jurisdiction because process of trying intentional infliction of emotional distress claim would necessarily require unconstitutional inquiry into truth or falsity of relator's religious beliefs); *Proffer v. Yates,* 734 S.W.2d 671, 673 (Tex.1987)(orig.proceeding)(mandamus appropriate to direct transfer of child support case because justice demands speedy resolution of such cases). Such extraordinary circumstances are not present in this case. Accordingly, Ehrhardt and Braden cannot show that they have no adequate relief from the trial court's order and we deny leave to file that portion of the petition for writ of mandamus seeking review of the trial court's order on the plea to the jurisdiction.[1]

### CONCLUSION

Having determined that Ehrhardt and Braden are not entitled to relief on either of the challenged orders, we deny leave to file the petition for writ of mandamus.

---

1. We do not determine, however, the merits of the plaintiff's choice to bring her action to pierce the corporate veil and to establish alter ego in the present lawsuit. *See Matthews Construction Company, Inc. v. Rosen,* 796 S.W.2d 692, 694 n. 3 (Tex.1990); *Gentry v. Credit Plan Corp. of Houston,* 528 S.W.2d 571, 575 n. 2 (Tex.1975).