In re Paula J. THOMPSON, Mark L. Thompson, and Barry L. Thompson, Individually and as Heirs and Representatives of the Estate of Gene Thompson, and of the Estate of Lorna Thompson Camp.

No. 09–99–021CV.

Court of Appeals of Texas, Beaumont.

Submitted March 11, 1999.

Decided June 10, 1999.

528 ■ 

John D. Stone, Stone & Stone, Beaumont, Marcus A Pitre, Wright & Pitre, Port Neches, Otto D. Hewitt, III, Hewitt Law Firm, Alvin, Thomas A. Peterson, Peterson, Petit & Peterson, Beaumont, for appellant.

Layne Walker, Jon B. Burmeister, Moore, Landry, Garth, Jones, Burmeister & Hulett, Beaumont, for appellee.

Before BURGESS, STOVER and HILL*, JJ.

## OPINION

STOVER, Justice.

In this mandamus action, the relators are Paula J. Thompson, Mark L. Thompson, and Barry L. Thompson, individually and as heirs and representatives of the estate of Gene Thompson and the estate of Lorna Thompson Camp. They seek to vacate an order signed on January 8, 1999, by the Hon. Donald Floyd of the 172nd District Court of Jefferson County, Texas. The order finds that an October 1985 judgment against Billy Gene Hinson, Sr. is not a final judgment and sets the case for trial on the trial docket. In addition to asking this Court to vacate the order, relators also ask us to hold that the 1985 judgment is a final judgment.

The 1985 judgment was entered after Hinson, Sr. confessed judgment in the amount of $250,000.[1] Seeking actual and punitive damages in the underlying suit, the plaintiffs (relators herein) contended that Hinson, Sr. had intentionally killed Eva Thompson, the relators' mother.[2]

Hinson, Sr.'s confession of judgment, filed in October 1985, stated that "Eva Sue Thompson died as a result of the acts of the undersigned Defendant, Billy G. Hinson [,Sr.]." After reciting that the trial court took into consideration the plaintiff's petition, the defendant's confession of judgment, the evidence, and counsel's arguments, the judgment stated that the trial court "finds that Plaintiffs have sustained actual damages in the total amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00)." The court's judgment then proceeded to order the payment of specific amounts to each of the plaintiffs; the total of the awards was $300,000, not $250,000.

■ The issue before us is the finality of the 1985 judgment. For a judgment to be considered final, it must dispose of all the parties and issues in the lawsuit. *See Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 312 (Tex.1994). The Hinsons contend the 1985 judgment is not final, because it does not dispose of all the issues, in particular the issue of punitive damages, and because it contains an irreconcilable conflict.

■ The Texas Supreme Court has established a general rule for determining whether those judgments in which all parties and pleadings are not expressly disposed of are, nevertheless, final for purposes of appeal.

> When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, ... it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it

---

* The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T.CODE ANN. § 74.003(b)(Vernon 1998).

1. Hinson, Sr.'s son, Billy Hinson, Jr., is also a real party in interest because of certain property transferred to him by Hinson, Sr. The property, which the relators contend is subject to execution under the 1985 judgment, consists of stock, valued at approximately

$250,000, which Hinson, Sr. transferred to Hinson, Jr. sometime between 1982 and 1986.

2. Eva Thompson was shot to death in 1981. Hinson, Sr. pleaded no contest to the offense of involuntary manslaughter and was given ten years deferred adjudication probation.

and of all issues made by the pleadings between such parties.

*North East Indep. School Dist. v. Aldridge,* 400 S.W.2d 893, 897–98 (Tex.1966). Although the presumption of finality applies to a case regularly set for a conventional trial on the merits, there is no such presumption in a default judgment or summary judgment. *See Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986).

■ Seeking to demonstrate lack of finality in the judgment, the Hinsons contend the 1985 proceeding was not a conventional trial on the merits, and, thus, the presumption of finality cannot be applied to the judgment. They argue that the case was heard on the day that an amended petition was filed, and, contrary to the recital in the judgment, no evidence was presented other than the confession of judgment. We do not believe that the amount of or character of evidence presented, such as the fact that the evidence was limited to a confession of judgment, means that the trial was not a conventional trial on the merits, at least for the purpose of determining the finality of the judgment.

The 1985 judgment reflects that the cause "came on to be heard," "a jury was waived," and "all matters of fact and things in controversy were submitted to the Court." As noted above, the trial court considered plaintiffs' "verified Petition, the evidence, the Confession of Judgment of Defendant, and the argument of counsel" in reaching its judgment. Based on the contents of the judgment and the matters the judge recited he took into consideration, we hold that the 1985 proceeding was a case regularly set for trial on the merits. Thus, it is presumed for appeal purposes that the court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between the parties, including the issue of punitive damages. *Aldridge,* 400 S.W.2d at 897–98.

■ Moreover, in applying the general rule regarding final judgments to the instant case, we find various other indicators of finality. First, unlike, for example, a partial summary judgment, this judgment is not inherently interlocutory. Second, although there is no Mother Hubbard clause, the judgment nonetheless on its face purports to dispose of all issues and parties. "All plaintiffs appeared in person and by attorney," and the "defendant, Billy G. Hinson, appeared in person and by attorney of record." "[A]ll matters of fact and things in controversy were submitted to the Court." Because the case was the functional equivalent of a trial on the merits, because the judgment is not inherently interlocutory, and because the judgment on its face purports to dispose of all issues and parties, we hold it is final. See generally *Zellers v. Barthel,* 727 S.W.2d 364, 365. (Tex.App.—Fort Worth 1987, no writ).

■ The problem with the judgment is not a lack of finality. In point of fact, it is a final judgment and has been so since late 1985. Instead, the difficulty with the judgment is an apparent discrepancy between its recital and decretal portions. The language in the recital portion of the judgment specifically states the following:

> The Court finds that Plaintiffs have sustained actual damages in the total amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00). The Court is of the opinion that Plaintiffs are entitled to recover of and from the Defendant judgment in the total amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00).

Immediately following the recital language is the decretal portion of the judgment in which the trial court orders, adjudges, and decrees that each plaintiff is awarded a specific sum in damages. As noted above, those sums add up to $300,000, not $250,000.

Without question, there is a discrepancy between the recital and the decretal language in the judgment. Because of that

fact, it was incumbent upon Hinson to either appeal or file a post-judgment motion to reform, correct, or modify a judgment in which the evidence, i.e., the $250,000 amount specified in the confession of judgment, does not appear to support the amount actually awarded in the decretal portion of the judgment. Hinson, Sr. failed to appeal any error in the judgment or file any post-judgment motion.

■ It is axiomatic that error other than lack of jurisdiction must be attacked within the prescribed time limits. *State ex. rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex.1995). Since there was no appeal, no motion for new trial or other post-judgment motion to correct, modify, or reform the judgment, the trial court's plenary jurisdiction expired thirty days after the date the judgment was signed. *See* Tex.R. Civ. P. 329b(d), (f); *Scott & White Mem. Hosp. v. Schexnider*, 940 S.W.2d 594, 596 (Tex.1996). Consequently, the trial court does not have jurisdiction to entertain or rule on a motion of any party, and any action taken by the trial court after its plenary jurisdiction expired is void. *See Owens*, 907 S.W.2d 484, 486 (Tex.1995).

■ Hinson Jr. and Sr. contend the judgment is interlocutory, because it contains an unascertainable amount and is so poorly crafted that it is impossible to give it effect. According to Hinson, Jr., "[A] clerk could never legitimately issue a writ of execution without doing violence to the judgment."

■ We disagree. The amount on which a clerk would issue execution in the instant case is clear, because the decretal portion of the judgment sets out the specific amounts that are to be paid to each relator. The court's recitals preceding the decretal portions of the judgment do not determine the rights and interests of the parties. *Crider v. Cox*, 960 S.W.2d 703, 705 (Tex.App.—Tyler 1997, writ denied).[3] Although proper inclusions, the recitals preceding the decretal portion of a judgment form no part of the judgment rendered. *Holt Atherton Indus., Inc. v. Heine*, 797 S.W.2d 250, 253 (Tex.App.—Corpus Christi 1990), *rev'd on other grounds*, 835 S.W.2d 80 (Tex.1992);[4] *Stevens v. Cain*, 735 S.W.2d 694, 695 (Tex.App.—Amarillo 1987, no writ);[5] *Roberson Farm Equip. Co. v. Hill*, 514 S.W.2d 796, 801 (Tex.Civ.App.—Texarkana 1973, writ ref'd n.r.e.);[6] *Rausheck v. Empire Life*

3. In *Crider*, the recitals in the judgment said the auditors were entitled to summary judgment and Crider's motion for summary judgment should be denied. The decretal portion of the judgment, however, did not mention the motions for summary judgment. The Tyler Court of Appeals held the decretal provisions controlled. The trial court's apparent intention to grant the auditors' motion for summary judgment was not borne out by the trial court's judgment. 960 S.W.2d at 705.

4. In *Heine*, the recital portion of the judgment stated that the cause of action was liquidated and proved by an instrument in writing. Holt contended there was a fatal variance among the pleadings, evidence, and the judgment, because the cause of action was actually unliquidated. The Court of Appeals held that the recitations preceding the decretal portion of a judgment formed no part of the judgment rendered. The appellate court further stated that the damages recited in the decretal portion of the judgment corresponded to the evidence presented to the trial court. *Heine*, 797 S.W.2d at 253–54

5. In *Cain*, an election contest, Stevens filed a mandamus seeking to vacate a trial court order which contained findings (a) "that the judgment declaring the election for the justice of the peace office void became final on July 3, 1987," and (b) "that *a vacancy ha[d] existed in that office since that date.*"(emphasis added). The trial court then ordered, adjudged, and decreed that an election be held on November 3, 1987. Stevens claimed in his application for writ of mandamus that Judge Cain's order effectively removed him from office. The Amarillo Court of Appeals held that the recitations preceding the decretal portion of the order formed no part of the decree. The trial court's findings neither controlled nor qualified the particular and express decree made, which only ordered a new election and the procedure for it. 735 S.W.2d at 695.

6. In *Roberson*, although the recitals tended to show a mistake in the assessment of damages, the court of appeals concluded the recitals did not impeach the validity of the judgment actually pronounced. 514 S.W.2d at 801.

*Ins. Co. of Amer.,* 507 S.W.2d 337, 339 (Tex.Civ.App.—Texarkana 1974, writ ref'd n.r.e.);[7] *Cox v. City & County of Dallas Levee Imp. Dist.,* 258 S.W.2d 851, 856 (Tex.Civ.App.—Dallas 1953, writ ref'd n.r.e.).[8] As stated by the Fort Worth Court of Appeals, "A judgment is something more than the findings of fact, it is the sentence of law pronounced by the court on the facts found." *See Ellis v. Mortgage and Trust, Inc.,* 751 S.W.2d 721, 724 (Tex.App.—Fort Worth 1988, no writ). The recitations preceding the decretal portion of the written instrument do not suffice to complete the rendition of the judgment. *Id.*

In the instant case, there is no question that the amount stated in the recital section of the judgment does not correspond to that ordered by the court in the decretal portion. That being the case, it was incumbent on Hinson, Sr. to appeal the judgment or file some appropriate post-judgment motion to correct, modify, or reform it. *See* Tex.R. Civ. P. 329b.

◼◼◼ Relators herein have petitioned this court for a writ of mandamus. Mandamus is an extraordinary remedy, available only in limited circumstances. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex.1994). A writ of mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. *Id.* "A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law." *Braden v. Marquez,* 950 S.W.2d 191, 193 (Tex.App.—

El Paso 1997, no writ). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig.proceeding). However, with respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. *See Braden,* 950 S.W.2d at 193. A trial court has no discretion in determining what the law is or applying the law to the facts. *Id.* Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ. *Walker,* 827 S.W.2d at 840.

We conclude the trial court abused its discretion in finding the judgment in the underlying suit was not final and in setting the case for trial. Therefore, we conditionally grant the writ of mandamus, which will issue only if the trial court fails to vacate the January 8, 1999, order below.

WRIT CONDITIONALLY GRANTED.

JOHN HILL, dissenting (Assigned).

I respectfully dissent because the 1985 judgment is interlocutory since there is an irreconcilable conflict between the amount the court awarded to individual claimants and the amount the court intended to award the claimants as a group.

The majority relies upon several courts of appeals opinions holding that the court's recitals preceding the decretal portions of the judgment do not determine the rights

---

7. In *Rausheck,* the recital in the judgment stated that the reasonable rental value of the property was $750 per month and that Empire should recover $20,250 from plaintiffs and cross-defendants. The decretal portion of the judgment ordered that Empire recover from Rausheck title to and possession of the property. The decretals made no mention of rent. The Texarkana Court of Appeals held that the trial judge's findings of law and fact were mere recitals and not an award of relief. 507 S.W.2d at 538–39.

8. In *Cox,* there was a conflict between the recital and the decretal portions of the judgment regarding the description of certain real property at issue in the case. The Dallas Court of Appeals held that in case of conflict between preliminary or preamble recitals in a judgment and the decretal portion, the latter controls. 258 S.W.2d at 856.

and interests of the parties, and that recitals preceding the decretal portion of a judgment form no part of the judgment rendered. I do not deny that the opinions hold as the majority states and that the majority's opinion is correct if those authorities are correct.

However, the Texas Supreme Court has on more than one occasion stated that courts are to construe decrees as a whole toward the end of harmonizing and giving effect to all that is written; and that courts are not to give conclusive effect to the judgment's use or omission of commonly-employed decretal words, but should instead determine what the trial court adjudicated from a fair reading of all the judgment's provisions. *See Wilde v. Murchie,* 949 S.W.2d 331, 333 (Tex.1997). *See also Constance v. Constance,* 544 S.W.2d 659, 660 (Tex.1977). I find these holdings to be in conflict with the majority's authorities and their conclusion that, in construing the 1985 judgment, the portion preceding the decretal portion of the judgment is to be disregarded.

The majority's conclusion that the amount on which a clerk would issue execution is clear is based upon the assumption that the clerk is construing the judgment in accordance with its courts of appeals authorities, not by considering the full judgment, disregarding decretal language, as required by the Texas Supreme Court. I would hold that the trial court did not abuse its discretion by construing the judgment in light of all of its terms and determining it is ambiguous, and, therefore, interlocutory. I would therefore deny the relator's petition for mandamus.