SALLIE D. KING V. THE STATE.

No. 11987. Delivered March 13, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment confinement in the penitentiary for two years.

The injured party, Levi Young, had lived with appellant. His mother demurred and he left appellant. A short time before the difficulty the injured party and some companions were on the street talking when appellant approached. According to the state's testimony, appellant slapped the injured party in the face. According to appellant's version, she slapped him and he drew a knife on her. She ran away. Thereafter, according to the testimony of the state, appellant went to the home of one Jimmie Brown where the injured party was in bed. She entered the house and fired three or four shots at the injured party. One of the shots took effect, resulting in a serious wound which required the injured party to remain in a hospital for about two weeks. Appellant admitted that she went to the home of Jimmie Brown, but declared that she did not know the injured party was there. She stated that she heard the injured

party and his companions "making fun of her" and that she entered the room and asked them what they were doing; that they replied that they had been gambling; that the injured party asked her to give him three dollars; that when she refused to comply with his request he cursed her and drew a knife on her; that she got a 22 calibre pistol off of the bed and shot him. She denied that the pistol belonged to her. According to the state's testimony, she brought the pistol to the house with her.

We find in the record two bills of exception which evidence complaint of the refusal of a new trial sought for newly discovered evidence. It is stated in the motion for new trial that N. Mosely and Walter Johnson would testify that they witnessed the first difficulty between appellant and the injured party from a barber shop, and that they saw the injured party draw a knife on appellant and run her down the street. Attached to the motion are the affidavits of the witnesses setting forth the facts they would testify to. It is averred in the motion that appellant had made inquiry in the neighborhood where the first difficulty occurred for persons who might have witnessed such difficulty, and that she and her attorneys were unable to find any person or persons who had witnessed said difficulty. It is further stated that the witnesses referred to voluntarily came to the office of her attorney, after she had been convicted, and gave the information set forth in their affidavits. There are averments in the motion to the effect that neither appellant nor her attorney knew anything about the evidence in question at the time of appellant's trial.

We deem it unnecessary to determine whether the alleged newly discovered evidence is material. We are of the opinion that there was an utter lack of diligence on the part of appellant and her attorney in an effort to obtain the testimony claimed to be newly discovered. The qualification appended to the bills of exception contains the statement that the trial court was of the opinion that the appellant had failed to show that due diligence was used to sooner discover the new testimony. It is the rule that in addition to setting forth the facts in which the new testimony consists, the accused must satisfy the court that the new testimony has come to his knowledge since the trial and that it was not owing to the want of due diligence that it was not discovered sooner. Branch's Annotated Penal Code, Section 198. There is nothing in the motion for a new trial showing that appellant or anyone for her had ever made inquiry at the barber shop near which the first difficulty occurred in an effort to

determine whether the occupants thereof witnessed said difficulty. The general averment that appellant and her attorney had made inquiry in the neighborhood where the difficulty occurred for witnesses falls short of showing due diligence. Appellant knew that the difficulty took place near the barber shop in question. Hence it was incumbent upon her in the exercise of the diligence required by law to investigate and talk to the occupants of the barber shop in preparation for trial. Behrens v. State, 268 S. W. 172.

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.