## EAST TEXAS CONST. CO. v. LIBERTY COUNTY.

### No. 3658.

Court of Civil Appeals of Texas. Beaumont.
April 11, 1940.

John L. Compton, of Liberty, for appellant.

Daniel & Daniel, T. J. Hightower, and Thos. A. Wheat, all of Liberty, for appellee.

WALKER, Chief Justice.

This appeal was prosecuted by appellant, East Texas Construction Company, from the judgment of the lower court sustaining the general demurrer of appellee, County of Liberty, to its petition. For cause of action, appellant alleged that:

(1) It was a Texas corporation, and appellee was a county of the State of Texas, "created and existing under and by virtue of the laws and constitution of the State of Texas".

(2) On the 6th day of June, 1938, appellee entered into a written contract with certain oil companies named in its petition to construct one of its public roads "in consideration of the aforementioned oil companies donating collectively the aggregate sum of $3800.00, to be used in the purchase of pit run gravel from plaintiff at the rate of 75¢ per cubic yard".

(3) On the 16th day of August, 1938, appellee passed an order "approving and accepting the road," and under the order the sum of $3,800, the money donated by the oil companies, was paid to appellant.

"V. That in order to finally complete said road as agreed by defendant, it was necessary to place thereon 709½ cubic yards of gravel in addition to the 5066 cubic yards at the rate of 75¢ furnished by said oil companies or the equivalent thereof, the sum of $3800.00. That said additional 709½ cubic yards of gravel was delivered on said road by plaintiff, with the full knowledge and consent of defendant, its agent, servant and employees and defendant used and accepted said gravel in the furtherance of constructing said road in compliance with its contract with said oil companies with full knowledge of all agreements and covenants existing between the parties.

"VI. That said additional 709½ cubic yards of gravel delivered to defendant, its agent, servant and employees by plaintiff as aforesaid, was for the exclusive use and benefit of defendant in the furtherance of its contract with said oil companies and that defendant received value therefor, and used, accepted and enjoyed the benefits therefrom and by reason thereof has become bound and liable to pay plaintiff the reasonable market value thereof.

"VII. That said 709½ cubic yards of gravel had a reasonable market value of $1.25 per cubic yard and that said price is the usual and customary charge for the kind of gravel furnished defendant and that the same was reasonably worth the sum of $1.25 per cubic yard.

"VIII. That after the delivery of said 709½ cubic yards of gravel by plaintiff on

said road and the acceptance of same by defendant, plaintiff presented its claim to defendant's auditor and commissioner's court as required by law and that although repeated demands have been made by plaintiff, upon defendant to pay the same defendant has failed and refused to do so, to plaintiff's damages in the sum of $886.25.

"Wherefore, premises considered, plaintiff prays the court that the defendant be cited to appear and answer herein and that upon final trial hereof, it have judgment for its debt in the sum of $886.25 for costs of court, for all other relief, both special and general at law and in equity, to which it may show itself justly entitled, etc."

### Opinion.

Since, on the allegations of the petition, the gravel in controversy was sold and delivered by appellant and accepted by appellee on contract without competitive bids, the contract was unauthorized by law. City of San Antonio v. French, 80 Tex. 575, 16 S.W. 440, 26 Am.St.Rep. 763; Sluder v. City of San Antonio, Tex.Com. App., 2 S.W.2d 841. But these authorities also sustain the proposition that appellee, on the allegations of the petition, was liable to appellant for the reasonable value of the benefits received by it from its appropriation of appellant's gravel in the construction of its road. Appellee does not controvert that proposition. We quote from its brief:

"If it could be proved that the County received and retained any benefit from such gravel being dumped on the county road (which is denied by answer of the County), then the appellant might recover the reasonable value of the benefit to the County—provided the appellant had sufficient pleadings under which evidence could be offered to sustain such a judgment.

"That is the whole trouble with appellant's petition, and is the reason the general demurrer was sustained, to-wit: Because the pleading does not contain any allegation as to the amount of benefit received by the County from the placing of this gravel on its road, and neither does the petition contain any allegation as to the reasonable value of the benefits received by the county from such unauthorized contract."

On the allegations of the petition, under the rule of general intendments, appellant received benefits in the construction of its road from the appropriation of the 5,066 yards of gravel at the rate of 75 cents per cubic yard; that, because the road was constructed under appellant's orders, under contract to pay 75 cents per cubic yard for the gravel, and the road was accepted by appellee as in compliance with its contract. Gulf Refining Co. v. Bonin, Tex.Civ.App., 242 S.W. 776, syllabi 5 and 6. The petition alleged that it required an additional 709½ cubic yards to complete the road. Under the rule of general intendments, appellee received "benefits" in the use and appropriation of this additional gravel, as in the use and appropriation of the 5,066 cubic yards actually used and actually paid for. True, appellant alleged that this additional gravel was of the market value of $1.25 per cubic yard. However, notwithstanding this allegation, appellee's "benefits" were limited to the sum of 75 cents per cubic yard. To recover beyond that sum, it was necessary for appellant to allege attendant circumstances increasing the value of the benefits received by appellee; the petition contained no such allegation.

It is clear to us that appellant's petition contained the essential elements of a cause of action for benefits received, good as against the general demurrer. If appellee desired a more particular pleading, the defects should have been pointed out by special exceptions. 33 Tex.Jur. 571, Pleading, Paragraph 134.

Judgment of the lower court reversed and cause remanded.