HARRIS COUNTY, Appellant,

v.

Philip L. EMMITE, Appellee.

No. 16879.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 26, 1977.

Rehearing Denied July 21, 1977.

Joe Resweber, County Atty., Theodore H. Wu, Jr., and Billy E. Lee, Asst. County Attys., Houston, for appellant.

Hittner, Cezeaux & Salvato, Mark A. Salvato, Houston, for appellee.

PEDEN, Justice.

Philip Emmite sued Harris County for unpaid consulting services on the theory of implied contract. The jury found that he rendered services valued at $750 and that Harris County knowingly accepted the benefits of them. Harris County directs this appeal to the legal sufficiency of the evidence to support the jury finding that the county "knowingly accepted benefits."

Plaintiff and Harris County Commissioners Court entered into two successive written employment contracts providing that plaintiff would perform consultation services for the county's Manpower project for a stipulated number of hours at a stipulated hourly rate. A third contract was prepared and the plaintiff, in anticipation of its execution, worked an additional 50 hours, but it was not executed by the Commissioners Court and plaintiff was not paid for that work.

In Harris County's two points of error it asserts that there is no evidence (1) that it *knowingly* accepted the benefits of plaintiff's services, and (2) that it received any benefit from those services. Under no evidence points we review only the evidence favorable to the jury findings.

The record contains several references to the county's knowledge, through its representatives other than Commissioners Court, of plaintiff's additional services. Mr. Jeff Campbell, then director of the Harris County Manpower program, testified that he had asked plaintiff to continue with his work pending the authorization of the third contract, since the program's standard procedure was to pay for these over-runs by making the contracts retroactive. Col. Dittman, liaison between Mr. Campbell's department and the county judge, was informed of the over-run and approved it.

Appellant's second no evidence point questions the jury's finding that the county received a benefit. Mr. Campbell answered the following question—

Q. Do you think that the over-run work was beneficial to the county?

A. Absolutely.

Mr. Campbell also testified that the plaintiff worked a number of hours in excess of the second contract, and Mr. Emmite testified that he worked 50 hours in excess of it. He also said he prepared a statement for the bookkeeper, who in turn forwarded a requisition to Col. Dittman, and he approved it.

■ Where a county or a municipality receives benefits under a contract, illegal because not made in conformity with the Constitution or statute of the state, or charter provision of the city, it will be held liable on an implied contract for the reasonable value of the benefits which it may have received. *Sluder v. City of San Antonio,* 2 S.W.2d 841, 842 (Tex.Com.App.1928); 22 Texas Practice (Singer) Municipal Law and Practice 423, § 807 (1976); 15 Tex. Jur.2d 329, Counties § 105.

"It is the settled law in this State, as established by the decisions of this Court, that where a municipality knowingly receives property or services on an agreement which it had power to enter into as a contract, but which was not legally entered into so as to make it binding as a contract, it will be compelled to pay the reasonable value of the property or services so received, as on an implied contract. In such instances it is not correct to say that the municipality is estopped to deny that the illegal agreement, as such, is a binding contract. The rule correctly

stated is that in such instances the municipality is liable on an implied contract to pay the reasonable value of the property or services furnished to and accepted by it. In the instances under discussion the illegal agreement is not enforced as a contract. To the contrary, the illegal agreement as such is not enforced at all. The contract that is enforced is one that the law implies, because justice demands that a municipality shall not be permitted to receive and retain the benefits of an agreement without paying the reasonable value of such benefits." *City of Houston v. Finn,* 139 Tex. 111, 161 S.W.2d 776 (1942).

In *City of San Antonio v. French,* 80 Tex. 575, 16 S.W. 440 (1891), the city was ordered to pay for the use its officers had continued to make of certain leased rooms after the written lease had expired. A new lease, as required by law, was not executed. The city was held liable on implied contract for the use actually made but not for a renewal of the entire term of the lease.

A question similar to that here involved was presented in *City of Houston v. Howe & Wise,* 323 S.W.2d 134 (Tex.Civ.App.1959, writ ref., n. r. e.). We concluded, at p. 150, that the city had notice by a letter from the plaintiffs to the superintendent of the water supply project known as Lake Houston that the plaintiffs were expecting compensation for some work they considered to be extra surveying. We held that the City's director of public utilities directed the plaintiffs to do the work, did not stop them until it was nearly completed, and used the survey in paying a clearing contractor, thus accepting benefits as a result of the alleged extra work.

■ We hold that in the instant case there was some evidence that Harris County benefited from the plaintiff's services and knowingly accepted those benefits.

Affirmed.