Robert L. CRIDER, Appellant,

v.

Mary COX, Auditor of Anderson County, et al., Appellees.

No. 12–95–00281–CV.

Court of Appeals of Texas, Tyler.

April 30, 1997.

Rehearing Overruled June 30, 1997.

Robert Crider, Austin, for appellant.

Robert Wayne Gage, Fairfield, for appellees.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

RAMEY, Chief Justice.

Austin attorney Robert L. Crider ("Crider"), Plaintiff below, appeals from a trial court's denial of his petition for mandamus to require Anderson County Auditor, Mary Cox, and her successor, Melissa Woodard (together "Auditor"), Defendants below, to audit, approve, issue and sign a county check paying him for his legal services in representing Anderson County Judge, John Ballard McDonald ("McDonald").[1] McDonald had previously been indicted on six misdemeanor counts of attempting to secure the dismissal of two persons' traffic tickets; the cases were pending in his court. Crider also

complains that the trial court erroneously denied his Motion for Summary Judgment for mandamus relief. We will affirm the trial court's judgment.

McDonald retained Crider, his uncle, to represent him in the defense of these charges.[2] Upon a trial of the criminal charges against McDonald, the Anderson County Court at Law decided in Crider's client's favor by quashing the indictment, ruling that Sec. 36.04 of the Penal Code was unconstitutionally vague and overbroad and that the indictment did not confer adequate notice for McDonald to prepare his defense.

Crider presented a bill for his legal services to McDonald six months later. The bill was then submitted to the Auditor for her approval. She did not approve it. Without the Auditor's approval, the claim was placed on the September 27, 1994 Commissioners Court agenda whereupon that Court unanimously voted to pay the bill, McDonald abstaining. Cox and Woodard have continued to refuse to approve Crider's bill on the grounds that the charges did not arise out of an act by McDonald performed in his capacity as Anderson County Judge or in which Anderson County had an interest and also because a contract for services between Crider and Anderson County would violate the nepotism statute, Tex.Gov't Code Ann. § 573.041 (Vernon 1988). Crider filed this mandamus proceeding on October 20, 1994 in the district court against the Auditor to compel her to audit and approve the bill and issue and sign a county check in payment of his claim. On January 13, 1995, the Commissioners Court voted to rescind the order that had approved payment of Crider's claim.

Counter Motions for Summary Judgment were filed by Crider and the Auditor. After the summary judgment issues were joined, the court by letter apprised the parties of his ruling; he expressed the intention to rule in favor of the Auditor and

---

1. This suit is not the more customary mandamus original proceeding in this court but rather is an appeal by the Relator of the denial of a mandamus filed in the district court.

2. Anderson County had no District Attorney nor County Attorney; the Anderson County Criminal District Attorney, being a witness to the transactions, could not represent McDonald.

against Crider. The declaration of his ruling, as recited in the Judgment itself, stated:

. . . . .

> The Court after examining the pleadings, briefs, and summary judgment evidence determines that Movants, Melisssa Woodard and Mary Cox, *are entitled to summary judgment* and the motion by Robert L. Crider for summary judgment should be denied. (Emphasis added.)

The decretal rulings in the Judgment, however, only declared the following:

> IT IS WHEREFORE (sic) ORDERED that Relator, Robert L. Crider's, application for writ of mandamus against Melissa Woodard or Mary Cox, Auditor is denied. All relief requested and not expressly granted is denied.

No specific order is expressed in the Judgment as to the parties' motions for summary judgment, apart from the residual denial provision. The court's recitals preceding the decretal portions of the judgment do not determine the rights and interests of the parties. *Rausheck v. Empire Life Insurance Co. of Amer.,* 507 S.W.2d 337, 339 (Tex.Civ. App.—Texarkana 1974, writ ref'd n.r.e.). Despite the court's stated intention to grant the Auditor's summary judgment motion, we conclude that it was not granted. *Id.*[3] Decretal provisions control. 5 R. McDonald, Texas Civil Practice § 27.24(a) (rev.1992). Thus, the trial court's apparent intention to grant the Auditor's motion for summary judgment is not borne out by the trial court's judgment. The only rulings presented for our review are the trial court's specific denial of Crider's petition for mandamus and the denial of his summary judgment, there being no assignment that the trial court erred in failing to grant the Auditor's summary judgment.

In the Judgment, the trial court makes the following recitations:

> It is the finding of this Court that the approval of the County Auditor of the relator's bill is jurisdictional and that any action taken by the Commissioner's Court without the Auditor's approval makes any ruling by the Commissioner's Court void.

All other matters discussed in both motions and briefs become moot with the non-jurisdictional finding.

Relator's remedy is to sue the County for the payment of his bill.

Subsequently, the trial court filed the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Mary Cox, Auditor of Anderson County, Texas did not approve the claim of Relator for Attorney's fees incurred in behalf of John Ballard McDonald prior to the claim being submitted to the Anderson County Court or at any other time, and further Mary Cox and her successor in office, Melissa Woodard, at no time approved said claim.

2. There are numerous, complicated, unresolved issues concerning the legality of the payment of the claim as submitted by Relator.

### CONCLUSION OF LAW

1. The approval of Relator's claim by the Commissioner's Court, since it was not first approved by the County Auditor prior to submission is void.

2. The acts of Commissioner's Court in rescinding the approval of Relator's claim was valid.

3. The approval or disapproval of Relator's claim was a ministerial rather than a discretionary act on behalf of the Anderson County Auditor and her successor in office. The failure of the Anderson County Auditor and her successor in office to approve Relator's claim was not an abuse of discretion . . .

4. Relator has an adequate remedy at law in that he may bring suit against Anderson County on his claim.

Crider assigns but one point of error. He generally asserts that the trial court erred in denying the mandamus and in failing to grant his motion for summary judgment. As subpoints, Crider charges that the court's various fact findings and conclusions of law were erroneous. This point of error is

---

3. The judgment was entitled "Final Summary Judgment".

multifarious and may be disregarded. *Clancy v. Zale Corp.*, 705 S.W.2d 820, 823–24 (Tex.App.Dallas 1986, writ ref' d n.r.e.). We will, however, construe the point as complaining about the lower court's denial of the mandamus and Crider's motion for summary judgment. His exception to the court's findings and conclusions is noted, but there is no complaint that the evidence is insufficient to support the findings. We do observe that the existence of disputed facts precludes mandamus. *Dikeman v. Snell*, 490 S.W.2d 183, 186–87 (Tex.1973).

■ The expressed rationale for the trial court's ruling is contained in the court's letter to counsel advising them of his decision, the Judgment, and the Findings of Fact and Conclusions of Law: approval of Crider's bill by the Auditor before the Commissioners Court vote considered the bill was a jurisdictional requisite; thus, the Commissioners Court's approval of the claim was void.

Several statutes are relevant. A claim, bill or account against the county may not be paid by the county until it has been examined and approved by the Auditor. TEX.LOC.GOV'T CODE ANN. § 113.064(a) (Vernon 1988). The Auditor must stamp her approval upon the bill. TEX.LOC.GOV'T CODE ANN. § 113.064(b) (Vernon 1988). Responsibility is imposed upon the county Auditor to strictly enforce the law governing county finances. TEX.LOC. GOV'T CODE ANN. § 112.006 (Vernon 1988). A claim against the county may not be approved by the Auditor unless it was incurred in accordance with the law. TEX.LOC.GOV'T CODE ANN. § 113.065 (Vernon 1988).

It is undisputed that the statutorily required approval of the bill was never given by the Auditor. The Auditor's approval is a condition precedent to the Commissioners Court's consideration of the bill. *Smith v. McCoy*, 533 S.W.2d 457, 459 (Tex.Civ.App.—Dallas 1976, writ dism'd). One of the functions of the office of County Auditor is to operate as a part of a delicate system of checks and balances to protect county funds. *Id. Both* the Auditor (Section 113.064(a)) and the Commissioners Court (Section 115.021) are required separately to examine and make a decision as to whether to approve each claim against county funds. *Id.* The legisla-

tive scheme of control of county funds requires specific approval of the claim by the Auditor before consideration by the Commissioners Court. *Id.* Likewise, the Auditor may not direct the expenditure of county funds without the County Commissioner's order. *Id.* The necessity of the Auditor's approval of the claim is acknowledged by Crider by his filing this mandamus action against the Auditor.

■ Crider argues that when the Auditor was initially presented with the bill in September 1994, she requested that the Commissioners Court make the decision on the approval of the claim. This fact is disputed. A County Auditor, however, is not authorized to delegate to another legal entity or office her responsibility to examine and approve, if appropriate, a claim. *Smith v. Flack*, 728 S.W.2d 784, 790 (Tex.Cr.App.1987). She must make an independent examination of each claim and approve it before the Commissioners Court may consider it. *Id.* For the same reason, we disagree with Crider's contention that the Auditor is bound by a 1990 resolution passed by the Anderson County Commissioners .Court approving reimbursement for future legal services without the Auditor's approval. *Id.* We conclude that the trial court did not err in ruling that the Auditor's prior approval was requisite to the Commissioners Court's consideration of Crider's bill and the absence of such action by the Auditor renders the September 1994 approval of the bill by the Commissioners Court void.

■ An additional obstacle to Crider's relief here is that the remedy of a mandamus of the Auditor to approve the bill is not available. Mandamus is an extraordinary remedy; it is available only in limited circumstances. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994). It will issue only to correct a clear abuse of discretion when there is no adequate remedy by ordinary appeal. *Id.*; *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). This rule is applicable to public officials. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex.1991). Mandamus will issue to compel a public official to perform a ministerial act,

not a discretionary act. *Id.* An act is said to be ministerial when the law clearly describes the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion. *Id.* This narrow approach to mandamus relief is required to preserve "orderly trial proceedings" and to avoid "constant interruption of the trial process by appellate courts." *Canadian Helicopters,* 876 S.W.2d at 305. A Relator's demonstration of a clear abuse of discretion as well as the inadequacy of a remedy by appeal is a heavy burden. *Id.*

As stated, the legislature provided a system of checks and balances for the control of county funds. *McCoy,* 533 S.W.2d at 459. The statutory scheme assigns two independent county offices to examine the lawfulness of claims against the county; the intended protection would be circumvented if the Auditor's responsibility is merely ministerial. The legislative intent is manifest that the Auditor should exercise her discretion in examining and approving the claims submitted.

Crider contends that the September 1994 order of the Commissioners Court approving the bill established the validity of his claim. He asserts that the Auditor herself had requested that the Commissioners Court make the determination whether the claim should be paid and that their affirmative vote decided the fact question that Anderson County's interest was involved in the performance of the services provided by Crider. He argues that because of the September 1994 Commissioners Court vote, the approval by the Auditor was merely ministerial, not discretionary, and thus was appropriate for mandamus relief.

In deciding whether to approve Crider's bill, the Auditor was required to resolve several daunting questions: (1) Was McDonald's conduct leading to the criminal charges undertaken in the performance of McDonald's public duties as County Judge?[4] (2) Would approval of the claim violate the state nepotism statute inasmuch as Crider is a relative of the County Judge McDonald within the third degree of consanguinity? TEX.GOV'T CODE ANN. § 573.041 (Vernon 1994), (3) Is the County obligated to pay for legal services when there was no agreement or contact between Anderson County and the claimant before the services were rendered? The trial court also found that there were numerous complicated, unresolved issues concerning the legality of the payment of the claim. At issue is not a correct resolution of these questions by the Auditor but whether she was required to wrestle with them; thus her decision to approve or not approve Crider's claim was not a simple ministerial act.

To aid her in making the determination as to whether to approve Crider's bill, the Auditor sought and received a legal opinion from the Anderson County Criminal District Attorney's office, as per TEX.GOV'T CODE ANN. § 41.007 (Vernon 1988), which, not surprisingly, concluded that county funds may not be expended to pay McDonald's legal fees here. The Auditor likewise sought an attorney general opinion on the issue, but the attorney general declined to respond to the request because the matter was in litigation.[5] We agree with the finding of the trial court that the Auditor's decision as to her approval of Crider's bill presented complex issues requiring the exercise of her discretion and was not a ministerial act. The Auditor did not act in an arbitrary manner by not approving Crider's bill. Writ of mandamus is not available to Crider here. We need not address the question of appeal as an adequate remedy at law for the Relator.

---

4. No proof or other rationale was offered by Crider to explain Anderson County's interest in the dismissal of the traffic tickets. No explanation of the circumstances of McDonald's various requests for dismissal of the charges was ever presented. Crider's contention is that the Commissioners Court's September 1994 approval of the bill established that McDonald was performing his public duty as County Judge in seeking the dismissals. Assuming that to be the case, there was no explanation by McDonald to the Auditor of a basis of the county's interest in dismissing the traffic charges to justify her approval of the bill before the September vote was taken, which approval was statutorily required for the County Commissioners' vote to be effective.

5. Crider provided the Auditor with earlier attorney general opinions submitted in response to others' requests.

In his single point of error, Crider also generally asserts that the trial court erred in denying his motion for summary judgment for the same mandamus relief. The presumptions and burden of proof imposed upon a movant for summary judgment are much more stringent than for a conventional trial. *Mayhew v. Town of Sunnyvale*, 774 S.W.2d 284, 287 (Tex.App.—Dallas 1989, writ denied), *cert. denied*, 498 U.S. 1087, 111 S.Ct. 963, 112 L.Ed.2d 1049 (1991); *see Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Here, the reviewing court is limited to the proof presented as summary judgment evidence. The movant, Crider, offered only the notice of the September 27, 1944 meeting, the minutes from that meeting, Crider's affidavit reciting that he had been employed to defend the complaint against McDonald, the submission of his bill for services and its nonpayment; he also included a copy of his demand letter via Fax mail and regular mail to the successor Auditor, Woodard. Thus, Crider's summary judgment evidence is less complete than the proof considered in the conventional trial discussed above.[6] In view of our above holding relating to Crider's Petition for Mandamus and the paucity of Crider's summary judgment evidence, together with the elevated burden of proof in the summary judgment process, we hold that the trial court's denial of the summary judgment was not erroneous. Crider's only point of error is overruled.

The judgment of the trial court is affirmed.

---

**6.** The Auditor's summary judgment evidence was more comprehensive and included the affidavits of Assistant Criminal District Attorney Bill Curley who described McDonald's efforts to secure dismissal of the traffic tickets, Mary Cox and Melissa Woodard, the County Auditors, Lena Smith, the County Clerk and the opinion from the Anderson County Criminal District Attorney's office to the Auditor.