## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 19, 2005

The Honorable Mike Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002

Opinion No. GA-0383

Re: Whether a commissioners court may pay a vendor who has rendered goods or services to the county for the reasonable value of the benefit the county has received under an implied contract when the county auditor has rejected the claim (RQ-0354-GA)

Dear Mr. Stafford:

You ask whether a commissioners court may pay a vendor who has rendered goods or services to the county for the reasonable value of the benefit the county has received under an implied contract when the county auditor has rejected the claim.[1] Statements made in Attorney General Opinion GA-0247, issued in 2004, trigger your question. *See* Brief attached to Request Letter, *supra* note 1, at 9.

### I.     Attorney General Opinion GA-0247 (2004)

Opinion GA-0247 responded to an inquiry from the Ector County Auditor regarding the auditor's authority to approve a claim for payment on a contract that should have been awarded in compliance with the County Purchasing Act, Local Government Code chapter 262, subchapter C, but was not. *See* Tex. Att'y Gen. Op. No. GA-0247 (2004) at 1; *see* TEX. LOC. GOV'T CODE ANN. §§ 262.021-.035 (Vernon 1999 & Supp. 2005) (chapter 262, subchapter C). The opinion considers the auditor's authority under sections 113.064(a) and 113.065 of the Local Government Code. *See* Tex. Att'y Gen. Op. No. GA-0247 (2004) at 7, 9. Section 113.064(a) prohibits a county from paying any claim, bill, or account until the county auditor has examined and approved payment. *See* TEX. LOC. GOV'T CODE ANN. § 113.064(a) (Vernon 1999). Section 113.065 permits a county auditor to approve only those claims that have been "incurred as provided by law." *Id.* § 113.065. The opinion concludes that under section 113.065 a county auditor may not approve a claim for payment on a

---

[1]*See* Letter and attached Brief from Honorable Mike Stafford, Harris County Attorney, to Honorable Greg Abbott, Attorney General of Texas (June 14, 2005) (on file with Opinion Committee, *also available at* http://www.oag. state.tx.us) [hereinafter Request Letter].

contract that was entered into in violation of the law.[2] *See* Tex. Att'y Gen. Op. No. GA-0247 (2004) at 5; *see also* TEX. LOC. GOV'T CODE ANN. § 113.065 (Vernon 1999) (forbidding a county auditor to approve a claim "unless the claim was incurred as provided by law"). And under section 113.064 the commissioners court may not approve or pay a claim that the auditor has not pre-approved. *See* Tex. Att'y Gen. Op. No. GA-0247 (2004) at 9; *see also* TEX. LOC. GOV'T CODE ANN. § 113.064(a) (Vernon 1999) (requiring the county auditor's approval of a claim before the commissioners court may review and approve the claim in a meeting).

The opinion states that neither Local Government Code chapter 113, governing the management of county money, nor the County Purchasing Act authorizes a commissioners court "to approve quantum meruit payments on a contract that was not awarded in compliance with the County Purchasing Act" such that the county auditor would have a legal basis for approving claims based on the contract. Tex. Att'y Gen. Op. No. GA-0247 (2004) at 9. Thus,

> [i]n the event a county auditor rejects a claim for payment for noncompliance with the County Purchasing Act, the claimant could file a legal action to recover damages in quantum meruit. A court may order a county to make quantum meruit payments in such a legal action. In that case, the court's order would provide a basis for the county auditor to determine that the claim "was incurred as provided by law."

*Id.* (citations omitted) (quoting TEX. LOC. GOV'T CODE ANN. § 113.065 (Vernon 1999)). You specifically take issue with the suggestion that a commissioners court may not, without the county auditor's authorization, approve quantum meruit payments on an implied contract without the necessity of having a lawsuit filed against the county. *See* Brief attached to Request Letter, *supra* note 1, at 9.

You suggest that Opinion GA-0247 "mischaracterizes quantum meruit compensation as 'quantum meruit payments on a contract'" rather than equitable payments, *id.*; *see* Tex. Att'y Gen. Op. No. GA-0247 (2004) at 9, and that the opinion therefore erroneously concludes that a county commissioners court cannot settle quantum meruit claims for the value of services rendered without a lawsuit. *See* Brief attached to Request Letter, *supra* note 1, at 9. Although your brief does not make clear how this alleged mischaracterization affects the opinion's conclusion, you believe that "[a] county is authorized to pay a valid quantum meruit claim without awaiting a final judgment for such claim." *Id.* at 9-10; *see* Tex. Att'y Gen. Op. No. GA-0247 (2004) at 9 ("Neither chapter 113 nor the County Purchasing Act authorizes a commissioners court to approve quantum meruit payments on a contract that was not awarded in compliance with the County Purchasing Act . . . .").

---

[2]The opinion also concludes that a contract awarded in violation of the County Purchasing Act "may be declared void by a court," in contrast to contracts awarded in violation of other statutory competitive procurement statutes that are expressly made void. Tex. Att'y Gen. Op. No. GA-0247 (2004) at 5-7.

You therefore ask:

> If the elements of a quantum meruit cause of action are present, can the commissioners court approve, in the nature of a settlement, a claim for payment from a vendor who has rendered goods or services to the county and who otherwise, for whatever reason, does not have an enforceable contract with the county?

Request Letter, *supra* note 1, at 1.

You do not question the conclusion reached in Opinion GA-0247 that a county auditor is forbidden by law to approve a claim on a payment that was not "incurred as provided by law," as section 113.065 of the Local Government Code requires.[3] TEX. LOC. GOV'T CODE ANN. § 113.065 (Vernon 1999). *See generally* Request Letter and Brief attached to Request Letter, *supra* note 1. We have no reason to question that conclusion, and we affirm it here. We limit our response to the question you expressly asked, which does not question the county auditor's authority to approve claims in any respect, but which focuses solely on the county commissioners court's authority. Further, because your question is motivated by Opinion GA-0247, we assume you ask only about a county commissioners court's authority to pay a claim on an implied contract when the county auditor has disapproved the claim.

## II.     Analysis

### A.     Payment in Quantum Meruit on an Implied Contract for the Reasonable Value of Goods or Services Received

As your brief suggests, a claim for quantum meruit is an action seeking not legal, but equitable, relief. *See* Brief attached to Request Letter, *supra* note 1, at 1 ("Quantum meruit is an equity cause of action designed to prevent unjust enrichment . . . ."). "*Quantum meruit* is an equitable remedy that 'is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted.'" *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) (quoting *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990)).

> To recover under quantum meruit, a claimant must prove that: (1) valuable services were rendered or materials furnished; (2) for the

---

[3]In March of this year, you asked us to "clarif[y] or reconsider[]" Opinion GA-0247. Letter from Honorable Mike Stafford, Harris County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Mar. 28, 2005) (on file with Opinion Committee) [hereinafter Request for Reconsideration]. As here, you suggested in your Request for Reconsideration that "the doctrine of quantum meruit allows the commissioners court to order and approve payments in connection with a contract that may be void or voidable for various reasons, . . . in the absence of any contract, as obligations incurred under an implied contract without the necessity of a court judgment." *Id.* This office declined, affirming our belief that "Opinion GA-0247 correctly interprets the law as it is now written." Letter from Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General, to Honorable Mike Stafford, Harris County Attorney (Mar. 31, 2005). The brief attached to the Request for Reconsideration is, in substantial part, identical to the brief you have submitted in support of your current request. *Compare* Brief attached to Request for Reconsideration, *supra, with* Brief attached to Request Letter, *supra* note 1.

person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged.

*Clear Lake City Water Auth. v. Kirby Lake Dev., Ltd.*, 123 S.W.3d 735, 753 (Tex. App.–Houston [14th Dist.] 2003, pet. denied).

Your brief catalogs numerous judicial decisions that find counties liable on a quantum meruit theory for the reasonable value of benefits received under an implied contract. *See generally* Brief attached to Request Letter, *supra* note 1. In a leading 1977 case, the Houston court of civil appeals stated that a county that received benefits under a contract that was "illegal because not made in conformity with the Constitution or statute of the state . . . will be held liable on an implied contract for the reasonable value of the benefits which it may have received." *Harris County v. Emmite*, 554 S.W.2d 203, 204 (Tex. Civ. App.–Houston [1st Dist.] 1977, writ dism'd). The illegal agreement as such was not enforceable, but the county would "not be permitted to receive and retain the benefits of an agreement without paying" a reasonable value. *Id.* at 205 (quoting *City of Houston v. Finn*, 161 S.W.2d 776, 777 (Tex. 1942)). Courts have found counties and municipalities (which are subject to similar requirements) liable for the reasonable value of services received under an implied contract even though the agreement was void or voidable because the contract did not comply with statutory requirements.[4]

While the cases you have compiled establish that a court may determine that a county is liable for the reasonable value of goods or services received under an implied contract, none of them suggest that a county commissioners court can make this determination on its own. In addition, none of the cases you cite suggests that a commissioners court may approve a claim for payment on an implied contract despite the county auditor's disapproval of the claim in accordance with section 113.065, Local Government Code. We therefore examine a commissioners court's power to approve the payment of such a claim.

---

[4]*See City of Denton v. Mun. Admin. Servs., Inc.*, 59 S.W.3d 764, 770-72 (Tex. App.–Fort Worth 2001, no pet.) (determining that a vendor could recover for professional services rendered to a municipality under a contract that violated the Professional Services Procurement Act, Government Code chapter 2254, subchapter A, and was therefore void); *Richmond Printing v. Port of Houston Auth.*, 996 S.W.2d 220, 224 (Tex. App.–Houston [14th Dist.] 1999, no pet.) (holding a port authority liable on an implied contract for the reasonable value of benefits received under an agreement that was not made in compliance with statutory requirements in the Water Code and was therefore void); *Waller County v. Freelove*, 210 S.W.2d 602, 604-05 (Tex. Civ. App.–Galveston 1948, writ ref'd n.r.e.) (concluding that Waller County was liable for the reasonable value of benefits received under an unenforceable contract); *E. Tex. Constr. Co. v. Liberty County*, 139 S.W.2d 669, 670 (Tex. Civ. App.–Beaumont 1940, no writ) (concluding that, although a vendor sold and delivered gravel to Liberty County without competitively bidding the contract and the contract was therefore illegal, the county was liable for the gravel's reasonable value); *Wyatt Metal & Boiler Works v. Fannin County*, 111 S.W.2d 787, 790 (Tex. Civ. App.–Texarkana 1937, writ dism'd) (determining that a county was liable for the reasonable value of services received under an implied contract even though the contract was made in violation of competitive bidding statutes); *see also Sluder v. City of San Antonio*, 2 S.W.2d 841, 842-44 (Tex. Comm'n App. 1928, judgm't adopted) (and cases cited therein) (listing several cases in which courts found municipalities liable in quantum meruit for benefits received under void contracts).

### B.     Whether a County Commissioners Court May Decide to Pay a Claim Based on an Implied Contract

A county commissioners court may exercise only those powers that the state constitution and statutes confer upon it, either explicitly or implicitly. *See* TEX. CONST. art. V, § 18 (providing that a county commissioners court "shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State"); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003) (stating that a commissioners court may exercise only those powers expressly given by either the Texas Constitution or the Legislature). Although you do not cite them, we have located two Local Government Code provisions that may relate to a commissioners court's authority in this regard. *See* TEX. LOC. GOV'T CODE ANN. § 89.004 (Vernon Supp. 2005), § 115.021 (Vernon 1999). *See generally* Brief attached to Request Letter, *supra* note 1.

The first, section 89.004(a), forbids a person from filing a suit on a claim against the county unless the person has presented the claim to the commissioners court and the commissioners court refused to pay the claim:

> Except as provided by Subsection (c) [allowing a person to file a suit for injunctive relief], a person may not file suit on a claim against a county . . . unless the person has presented the claim to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim before the 60th day after the date [the claim is presented].

TEX. LOC. GOV'T CODE ANN. § 89.004(a) (Vernon Supp. 2005). Section 89.004 is a "presentment requirement . . . [that] is intended to advise the commissioners court of [a] claim and afford it an opportunity to investigate and adjust it without litigation." *Essenburg v. Dallas County*, 988 S.W.2d 188, 189 (Tex. 1998) (per curiam). Section 89.004 does not make clear on its face the role a county auditor plays in reviewing a claim presented to the court as a prerequisite to litigation, and the necessity for the auditor's pre-approval is thus unclear on the face of the statute.

The second, section 115.021, requires a commissioners court to "audit and settle all accounts against the county and [to] direct the payment of those accounts." *Id.* § 115.021 (Vernon 1999). "This provision imposes a judicial duty upon the commissioners[] court . . . ," *Navarro County v. Tullos*, 237 S.W. 982, 987 (Tex. Civ. App.–Dallas 1922, writ ref'd);[5] *see also Coryell County v. Fegette*, 68 S.W.2d 1066, 1067 (Tex. Civ. App.–Waco 1934, writ dism'd) (stating that a commissioners court, in carrying out the duties imposed by section 115.021, is acting judicially), to "audit all claims against the county and to order paid those only which are found to be just and legal

---

[5]The older cases cited in the discussion referred to pre-codified versions of sections 89.004, 113.064, 113.065, 115.021, and other relevant sections of the Local Government Code. To minimize confusion, we refer to the current codified statutes, which (for purposes of this opinion) have not been substantively amended since they were discussed in the judicial opinions cited.

demands," *Padgett v. Young County*, 204 S.W. 1046, 1052 (Tex. Civ. App.–Fort Worth 1918, writ dism'd). Section 115.021 further provides commissioners courts with "general authority to settle pending lawsuits." *Santoya v. Pereda*, 75 S.W.3d 487, 490 (Tex. App.–San Antonio 2002, pet. denied). Like section 89.004, section 115.021 does not describe the auditor's role in the process.

Two decisions from state courts of civil appeals not cited in your brief suggest that a county auditor has no role in approving payment under section 89.004 on an implied contract because such a contract is not "incurred by law." *See Nacogdoches County v. Jinkins*, 140 S.W.2d 901, 904 (Tex. Civ. App.–Beaumont 1940, writ ref'd) (concluding that sections 113.064 and 113.065 have no application to a claim for salary not paid to the district clerk in violation of statute: "A literal application of [section 113.064] without reference to [section 113.065] would require the filing with the auditor of claims of every nature, but under [section 113.065] it is readily seen that the auditor has no authority to audit or approve a claim of the nature here involved."); *S. Sur. Co. v. McGuire*, 275 S.W. 845, 847 (Tex. Civ. App.–El Paso 1925, writ ref'd) (stating that an auditor has authority under sections 113.064 and 113.065 to audit and approve only those claims "based upon contracts lawfully made" and properly documented accounts for supplies and materials). These cases, issued in 1940 and 1925 respectively, indicate that only a commissioners court may review a claim that was not incurred by law. *See Nacogdoches County*, 140 S.W.2d at 904; *S. Sur. Co.*, 275 S.W. at 847. If the holdings of these cases were extended to the facts before us in GA-0247, we might have concluded that the county auditor could not review a claim for payment on an implied contract because the claim was not "incurred as provided by law." Rather, the claim would go directly before the commissioners court for its consideration. Additionally, if the commissioners court decided to pay the claim, the county auditor apparently could not stop the disbursement.

But a Texas Supreme Court case and more recent appellate court cases convince us that a county auditor must pre-approve all claims brought before the commissioners court, including those claims presented under section 89.004 or section 115.021. *See Anderson v. Ashe*, 90 S.W. 872, 874 (Tex. 1906); *Crider v. Cox*, 960 S.W.2d 703, 706 (Tex. App.–Tyler 1997, writ denied); *Smith v. McCoy*, 533 S.W.2d 457, 459 (Tex. Civ. App.–Dallas 1976, writ dism'd); *see also Jensen Constr. Co. v. Dallas County*, 920 S.W.2d 761, 773 (Tex. App.–Dallas 1996, writ denied) (stating that if a county auditor rejects a claim presented under section 89.004, "the requirements for a suit against the County have been met"); *Lovell v. Bynum*, 315 S.W.2d 20, 22 (Tex. Civ. App.–Austin 1958, writ ref'd n.r.e.) (stating that in counties having a county auditor presentment to and rejection by the auditor satisfies section 89.004 and "is a sufficient predicate for a suit against the county"). In 1906 the Texas Supreme Court determined that a claim that the county auditor had rejected under sections 113.064 and 113.065 is beyond the commissioners court's authority to act upon under section 89.004. *See Anderson*, 90 S.W. at 874; *accord Smith*, 533 S.W.2d at 459. In effect, according to the Supreme Court, once the auditor rejects a claim presented under section 89.004, the county has "refuse[d] to pay all or part of the claim" for purposes of section 89.004. TEX. LOC. GOV'T CODE ANN. § 89.004(a) (Vernon Supp. 2005); *see Anderson*, 90 S.W. at 874. The claimant may then file suit on the claim. *See Anderson*, 90 S.W. at 874; *accord Jensen Constr. Co.*, 920 S.W.2d at 773; *Lovell*, 315 S.W.2d at 22. Similarly, as the Dallas court of civil appeals determined in 1976, a commissioners court may not exercise its duty under section 115.021 to audit and settle accounts against the county if the auditor has not reviewed and approved the account. *See Smith*, 533 S.W.2d at 459.

In our opinion, construing sections 89.004 and 115.021 to require the county auditor's pre-approval is consistent with the process the legislature has established for the payment of claims by a county. According to the Dallas court of civil appeals, the legislature has devised a "delicate system of checks and balances . . . to protect" county funds. *Smith*, 533 S.W.2d at 459. Thus, a county may not pay a claim "until it has been examined and approved by the auditor," TEX. LOC. GOV'T CODE ANN. § 113.064(a) (Vernon 1999), who has "the responsibility, before approving a claim, to determine whether it strictly complies with the law governing county finances." *Smith*, 533 S.W.2d at 459; *see Crider*, 960 S.W.2d at 706. Moreover, a commissioners court may not even review a claim until the county auditor has approved it: "The Auditor's approval is a *condition precedent* to the Commissioners Court's consideration of the [claim]." *Crider*, 960 S.W.2d at 706 (emphasis added).

Finally, nothing in section 89.004, section 115.021, or in any other statute removes the county auditor from the normal process of reviewing claims presented to the commissioners court under section 89.004 or from the process of auditing and settling accounts under section 115.021. Without express directions to the contrary from the legislature, we believe that a claim that is presented to the commissioners court under section 89.004 must be pre-approved by the county auditor, who must review the claim in accordance with sections 113.064 and 113.065. Similarly, the commissioners court may not audit and settle any account under section 115.021 unless the county auditor has pre-approved the account consistently with sections 113.064 and 113.065. In addition, the county auditor's signature is required on any check or warrant before the county depository may pay it, and the auditor may not sign a check or warrant that is not "a proper and budgeted item of expenditure." TEX. LOC. GOV'T CODE ANN. § 113.043 (Vernon 1999).

For all of these reasons, we conclude that a commissioners court may not review or approve a claim that the county auditor has disapproved under section 113.065, Local Government Code. *See id.* § 113.065. Consequently, a county may not pay a vendor who has rendered goods or services to the county for the reasonable value of the benefit the county has received under an implied contract unless the county auditor has approved the claim.

### S U M M A R Y

Section 113.065 of the Local Government Code prohibits a county auditor from approving a claim for the reasonable value of services received under an implied contract that was not "incurred as provided by law." TEX. LOC. GOV'T CODE ANN. § 113.065 (Vernon 1999). Attorney General Opinion GA-0247, which concludes that a county auditor is forbidden by law to approve a claim on a payment that was not "incurred as provided by law," as section 113.065 requires, is affirmed.

The county auditor's approval is a "condition precedent" to the commissioners court's review of the claim. *Crider v. Cox*, 960 S.W.2d 703, 706 (Tex. App.–Tyler 1997, writ denied). Without the county auditor's approval, the county commissioners court may not review and approve the claim, even if the claim is presented to the court under section 89.004(a) of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 89.004(a) (Vernon Supp. 2005). Similarly, the county commissioners court may not audit or settle any account under section 115.021 of the Local Government Code unless the county auditor has reviewed and approved the account consistently with sections 113.064 and 113.065. *See id.* § 115.021 (Vernon 1999).

Consequently, unless the county auditor has approved the claim, a commissioners court may not pay a vendor who has rendered goods or services to the county for the reasonable value of the benefit the county has received under an implied contract.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee