ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 28, 2008

The Honorable Jesse Gonzales, Jr.
Pecos County Attorney
103 West Callaghan
Fort Stockton, Texas 79735

Opinion No. GA-0604

Re: Whether a project financed in distinct phases is subject to the competitive bidding requirements of the County Purchasing Act (RQ-0620-GA)

Dear Mr. Gonzales:

You ask with regard to certain purchases in Pecos County:

> Whether the County Auditor may present for payment, an invoice for labor, that in the opinion of the County Attorney, has been determined to violate the County Purchasing Act? Specifically, can a project be set up to be performed in "phases" that are each under $25,000 and not be subject to the County Purchasing Act, if the entire project, when completed, is over $25,000?[1]

You explain that a county commissioner "contracted with a local contractor for a concrete slab in a county park." Request Letter, *supra* note 1, at 1.[2] You indicate that the concrete work is described by the commissioner as "Phase I" of the project. *Id.* An invoice for the labor and

---

[1] *See* Letter from Honorable Jesse Gonzales, Jr., Pecos County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Sept. 7, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter "Request Letter"].

[2] You also indicate that "except for the invoices being submitted for payment, no action was taken through the entire commissioners court regarding this project." Request Letter, *supra* note 1, at 2. Although you do not specifically raise it, the absence of commissioner court approval raises additional concerns regarding the validity of these invoices. Generally, "[t]he commissioners court may only validly act as a body; the acts of a single commissioner do not bind the court." *Hays County v. Hays County Water Planning P'ship*, 106 S.W.3d 349, 360–61 (Tex. App.—Austin 2003, no pet.) (citing *Canales v. Laughlin*, 214 S.W.2d 451, 455 (Tex. 1948); *Eastex Wildlife Conservation Ass'n v. Jasper*, 450 S.W.2d 904, 907 (Tex. Civ. App.—Beaumont 1970, writ ref'd n.r.e)); *see also* Tex. Att'y Gen. Op. No. GA-0229 (2004) at 8 ("[I]n the absence of a statute authorizing another county official to enter into a contract, the commissioners court has the sole authority to enter into contracts binding the county."). Absent a claim "incurred as provided by law," "[t]he county auditor may not audit or approve a claim." TEX. LOC. GOV'T CODE ANN. § 113.065 (Vernon 1999). Thus an auditor might, depending on the facts, have a duty to refuse to pay a claim where a county official unilaterally acts to enter into a contract.

materials totaled $8,775; it was "processed" by the auditor and then submitted to and approved for payment by the commissioners court. *Id.*

You tell us a pavilion structure was subsequently constructed on the concrete slab in what is described as "Phase II" of the project. *Id.* Two separate invoices were submitted by the contractor for the Phase II work. *Id.* We understand that the first invoice, totaling $12,921.52, was submitted to and approved for payment by the commissioners court.[3] The second invoice for the Phase II work, totaling $12,000,[4] brought the total cost of the Phase I and II work to $33,696.52. *See supra* note 3. You explain that all of the invoices "for either labor or materials were from the same contractor by the same county official." Request Letter, *supra* note 1, at 2.

Pursuant to section 41.007, Government Code, you advised the county auditor that you find no authority for her to submit the final Phase II invoice of $12,000 to the commissioners court for approval because the final invoice would cause "the entire project to exceed $25,000[], and because the job was not bid in compliance with the County Purchasing Act."[5] *Id.*; *see also* TEX. GOV'T CODE ANN. § 41.007 (Vernon 2004) ("A district or county attorney, on request, shall give to a county or precinct official of his district or county a written opinion or written advice relating to the official duties of that official."). "Accordingly, she has refused to submit the remaining [$12,000] invoice" to the commissioners court. Request Letter, *supra* note 1, at 2.

You first ask whether the county auditor may present the final invoice for payment to the commissioners court in light of your advice. *Id.* We begin by examining relevant duties of the county auditor under state law. Chapter 113, Local Government Code, provides that "[a] claim, bill, or account may not be allowed or paid until it has been examined and approved by the [county] auditor." TEX. LOC. GOV'T CODE ANN. § 113.064(a) (Vernon 1999). Under Local Government Code section 112.006(b), "[t]he county auditor shall see to the strict enforcement of the law governing county finances." *Id.* § 112.006(b). "The county auditor may not audit or approve a claim unless the claim was incurred as provided by law." *Id.* § 113.065. Thus, an auditor has a mandatory duty to examine the lawfulness of a claim against the county before the claim is considered for payment by the commissioners court. *Crider v. Cox*, 960 S.W.2d 703, 706–07 (Tex. App.—Tyler

---

[3]*See* Letter attached to Request Letter from Honorable Jesse Gonzales, Jr., Pecos County Attorney, to Kay Hardwick, Pecos County Auditor, at 2 (Aug. 31, 2007) ("To date, only $21,696.52 has been paid from County funds.").

[4]You tell us that the second invoice for the Phase II work was originally $13,500 but was subsequently adjusted by the contractor to $12,000. Request Letter, *supra* note 1, at 1. Had the original invoice been correct, we note that Phase II alone would have exceeded $25,000.

[5]We assume for the purposes of this opinion that the project at issue is subject to the purchasing requirements of the County Purchasing Act, Local Government Code sections 262.021–.036. *See, e.g.,* TEX. LOC. GOV'T CODE ANN. §§ 262.023(b) (Vernon Supp. 2007) (explaining that section 262.023(a)'s competitive bidding requirements "apply to contracts for which payment will be made from current funds or bond funds or through anticipation notes authorized by Chapter 1431, Government Code, or time warrants[, but] [c]ontracts for which payments will be made through certificates of obligation are governed by" subchapter C, chapter 271, Local Government Code); 262.024–.0241 (Vernon 2005 & Supp. 2007) (setting out certain discretionary and mandatory exemptions); 271.111–.121 (setting out alternative project delivery methods when entering into a contract for the construction of a "facility").

1997, writ denied) (explaining the auditor's role in the legislative scheme of checks and balances that control county funds); *Smith v. McCoy*, 533 S.W.2d 457, 459 (Tex. Civ. App.—Dallas 1976, writ dism'd) (addressing articles 1660 and 1661, the statutory predecessors to Local Government Code sections 133.064–.065). And while we find no case law directly addressing the issue, this office has previously concluded that a county auditor may not approve a claim for payment on a contract that was not awarded in compliance with a competitive bidding law. Tex. Att'y Gen. Op. No. GA-0247 (2004) at 5; *cf. Kaufman County v. Crow*, 176 S.W.3d 921, 926 (Tex. App.—Dallas 2005, pet. denied) (indicating in the facts that the auditor refused to approve payment of a claim because of the failure to comply with the County Purchasing Act but not addressing whether the refusal was proper under section 113.065).

In determining whether to approve a claim, bill, or account, a county auditor may turn to the county attorney for an opinion or advice under section 41.007, Government Code: "A . . . county attorney, on request, shall give to a county or precinct official of his . . . county a written opinion or written advice relating to the official duties of that official." TEX. GOV'T CODE ANN. § 41.007 (Vernon 2004); *see, e.g., Crider*, 960 S.W.2d 703 at 707 (indicating that the auditor sought the opinion of both the county criminal district attorney and the attorney general in deciding whether to approve payment of a bill for legal services). This provision imposes a duty on county attorneys to provide advice and opinions to officials on request. *Guynes v. Galveston County*, 861 S.W.2d 861, 863–64 n.2 (Tex. 1993).

We do not believe, however, that the duty imposed on the county attorney under section 41.007 to provide advice and opinions binds the county auditor to act in accord with the opinion or advice received from the county attorney. The opinion of a county attorney has no force of law. *Travis County v. Matthews*, 235 S.W.2d 691, 696 (Tex. Civ. App.—Austin 1950, writ ref'd n.r.e.). Moreover, the auditor has an independent duty to examine the lawfulness of a claim and generally cannot delegate her duties to other county officials. *Smith v. Flack,* 728 S.W.2d 784, 790 (Tex. Crim. App. 1987) ("[T]he Legislature has not provided a county auditor with any authority to delegate [the] duty [to make an independent examination of a claim and approve it] to another legal entity or office."); *Crider*, 960 S.W.2d 703 at 706–07 (holding that the county auditor had to examine the lawfulness of a claim independent of the commissioners court); *Comm'rs Court v. Fullerton*, 596 S.W.2d 572, 578 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) ("The county auditor . . . cannot delegate his official duties to another, other than his duly appointed deputies."). It is ultimately the auditor's duty under the statutory mandates of her office to decide whether to approve a claim, bill, or account. TEX. LOC. GOV'T CODE ANN. §§ 113.064(a), .065 (Vernon 1999).[6]

---

[6]In *Joe v. Two Thirty Nine Joint Venture*, the court explains that "[t]o determine whether a public official has acted in good faith, we use an objective standard, asking whether a reasonably prudent official, under the same or similar circumstances, could have believed that his conduct was justified based on the information he possessed when the conduct occurred." 145 S.W.3d 150, 164 (Tex. 2004). In light of such judicial standards, a county auditor might, under certain circumstances, be well-advised to follow the opinion or advice of the county attorney.

We turn next to your question whether a project can "be set up to be performed in 'phases' that are each under $25,000 and not be subject to the County Purchasing Act, if the entire project, when completed, is over $25,000[.]" Request Letter, *supra* note 1, at 1.

The County Purchasing Act (the "Act"), Local Government Code chapter 262, subchapter C, generally requires counties to make certain purchases using competitive bidding. Section 262.023(a), Local Government Code, provides that

> [b]efore a county may purchase one or more items under a contract that will require an expenditure exceeding $25,000, the commissioners court of the county must:
>
> (1) comply with the competitive bidding or competitive proposal procedures prescribed by this subchapter;
>
> (2) use the reverse auction procedure, as defined by Section 2155.062(d), Government Code, for purchasing; or
>
> (3) comply with a method described by Subchapter H, Chapter 271.

TEX. LOC. GOV'T CODE ANN. § 262.023(a) (Vernon Supp. 2007). In the Act, the term "item" is defined to mean "any service, equipment, good, or other tangible or intangible personal property, including insurance and high technology items." *Id.* § 262.022(5) (Vernon 2005). In applying section 262.023(a), "all separate, sequential, or component purchases of items ordered or purchased, with the intent of avoiding the requirements of this subchapter, from the same supplier by the same county officer, department, or institution are treated as if they are part of a single purchase and of a single contract." *Id.* § 262.023(c) (Vernon Supp. 2007). Section 262.022 defines "component purchases," "separate purchases," and "sequential purchases" in the following manner:

> (2) "Component purchases" means purchases of the component parts of an item that in normal purchasing practices would be purchased in one purchase.
>
> . . . .
>
> (7) "Separate purchases" means purchases, made separately, of items that in normal purchasing practices would be purchased in one purchase.
>
> (8) "Sequential purchases" means purchases, made over a period, of items that in normal purchasing practices would be purchased in one purchase.

*Id.* § 262.022(2), (7)–(8) (Vernon 2005).

Having set out the relevant law, we conclude we cannot answer your second question because it would require us to resolve fact questions. For instance, it may have been more appropriate to undertake this purchase in compliance with the Act because certain facts you relay, such as (1) the invoices came from the same contractor and were delivered to the same commissioner, and (2) the invoices resulted from what is characterized as Phase I and Phase II of a single project, raise questions as to whether this purchase violates the Act. These facts are not, however, dispositive. Section 262.023(c) applies when "separate, sequential, or component purchases" are undertaken "*with the intent* of avoiding the requirements" of the Act. *Id.* § 262.023(c) (Vernon Supp. 2007) (emphasis added); *see also id.* § 262.034(a) (Vernon 2005) ("A county officer or employee commits an offense if the officer or employee intentionally or knowingly makes or authorizes separate, sequential, or component purchases to avoid the competitive bidding requirements of Section 262.023."). Moreover, in determining whether a separate, sequential, or component purchase has taken place, one must determine if the purchase would "*in normal purchasing practices*" be made as a single purchase. *Id.* § 262.022(2), (7)–(8) (emphasis added). Determining whether the requisite intent is present and what constitutes a normal purchasing practice with respect to a particular item requires the taking of evidence and finding of facts that cannot be performed in the opinion process. Tex. Att'y Gen. LO-94-087 (1994) at 2 (concluding that a determination of whether purchases by Smith County of culverts and road sign components would fall within the prohibitions of the Act involves questions of fact that cannot be resolved in an opinion).

As previously discussed, it is the county auditor who must determine whether a contract was awarded in violation of the Act. TEX. LOC. GOV'T CODE ANN. §§ 113.064(a), .065 (Vernon 1999); *see also* Tex. Att'y Gen. Op. No. GA-0247 (2004) ("[I]f a county auditor determines that a contract was awarded in violation of the County Purchasing Act, section 113.065 of the Local Government Code prohibits the auditor from approving the claim."); 36 DAVID B. BROOKS, TEXAS PRACTICE: COUNTY AND SPECIAL DISTRICT LAW § 19.1 (2d ed. 2002) (explaining that it is the county auditor's "duty to disapprove expenditures of county funds he believes to be unlawful. . . . [which] may require the auditor, who is very seldom an attorney, to reach a legal decision based upon the examination and interpretation of state law").

## S U M M A R Y

It is a county auditor's duty under the statutory mandates of that office to decide whether to approve a claim, bill, or account. A county auditor is not, therefore, bound by the advice or opinion of the county attorney regarding the lawfulness of a claim, bill, or account against a county.

In order to conclude that a project financed in distinct phases violates the competitive bidding requirements of the County Purchasing Act ("Act"), one must consider the facts, including whether the purchase is undertaken with the intent of avoiding the requirements of the Act and whether the purchase would in normal purchasing practices be made as a single purchase. These considerations involve questions of fact that cannot be resolved in an attorney general opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Christy Drake-Adams
Assistant Attorney General, Opinion Committee